**Albert Earle SMITH–BEY, Plaintiff–Appellant,**

v.

**HOSPITAL ADMINISTRATOR, et al., Defendants–Appellees.**[*]

No. 86–2160.

United States Court of Appeals, Seventh Circuit.

Argued April 23, 1987.

Decided March 8, 1988.

---

[*] Because the district court denied petitioner leave to proceed *in forma pauperis* the defendants were never served with summonses. The United-

ed States Attorney was granted leave to appear as *amicus curiae.*

Michael L. Corrado, Mayer, Brown & Platt, Chicago, Ill., for plaintiff-appellant.

Gerald A. Coraz, Asst. U.S. Atty., U.S. Atty. John Daniel Tinder, Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, COFFEY and MANION, Circuit Judges.

MANION, Circuit Judge.

Albert Earle Smith–Bey appeals the district court's dismissal of his eighth amendment claims against various employees of the United States Penitentiary at Terre Haute, Indiana. We reverse and remand.

## I.

Smith–Bey is a federal prisoner currently incarcerated in the United States Penitentiary at Leavenworth, Kansas. On April 2, 1986, he filed a petition for leave to proceed *in forma pauperis* in an action against various officials and staff employed at the United States Penitentiary at Terre Haute for injuries he allegedly received while incarcerated there. Smith–Bey filed a two-count complaint along with the petition.

According to the complaint, Smith–Bey was "assaulted on numerous occasions" while at Terre Haute and received inadequate medical treatment for the wounds he received during the assaults. The complaint, however, only gives details on two of the assaults. Smith–Bey specifically alleges that in June of 1984 he was assaulted in the "orientation unit" by an inmate and "cut about the face, arms, chest and right shoulder." Despite the fact that the wound to his face was bleeding "profusely" and in need of "stitches," a physician's assistant merely gave Smith–Bey an ice pack for the wound. Smith–Bey claims that this alleged mistreatment constituted the "unnecessary and wanton infliction of pain."

Smith–Bey also claims that "between the end of June and the middle of July, 1984,"

the correctional staff intentionally set him up "to be killed" by placing him in a cell with a "psychopath." The "psychopath" subsequently assaulted Smith–Bey and broke Smith–Bey's nose. Smith–Bey was taken to the prison hospital. There, a physician's assistant only gave Smith–Bey an ice pack to place on his nose. Smith–Bey was then placed in disciplinary segregation. Ten minutes after being placed in disciplinary segregation, Smith–Bey was sent back to the hospital because his nose kept bleeding. At that time, the physician's assistant told Smith–Bey that his nose was broken. The physician's assistant then removed a piece of "splintered bone" from Smith–Bey's nose. Smith–Bey was not sent to a doctor. Smith–Bey also alleges that the treatment of this wound constituted the "unnecessary and wanton infliction of pain."

The defendants named in the complaint are the "unknown" Hospital Administrator, "unknown" physician's assistants, and "unknown" correctional staff who were employed at the facility at the time the challenged actions occurred. The "unknown physician's assistants" are defined broadly to include all persons who worked at the prison hospital at the Terre Haute facility. The "unknown correctional staff" are defined as those who were employed as "Captain of Guard, Chief Correctional Supervisor's, Correctional Supervisor's [and] Senior Officer Specialist's" at the facility. Smith–Bey sued the defendants in their individual capacities.

On June 4, 1986, Smith–Bey filed a motion for appointment of counsel. In an affidavit filed in support of the motion, Smith–Bey claimed that he needed appointed counsel because he could not afford an attorney and he could not adequately prepare his case without counsel.

In an order dated June 6, 1986, the district court dismissed Smith–Bey's complaint as frivolous under 28 U.S.C. § 1915(d) [1] and denied him leave to proceed *in forma pauperis.* The court also denied Smith–Bey's motion for appointment of counsel. The district court based all these decisions on the ground that Smith–Bey's complaint failed to allege facts showing that he was entitled to relief under the Eighth Amendment. The district court held that Smith–Bey's claims based on the allegedly inadequate medical treatment he received failed to state a claim for relief because he alleged only medical malpractice, not deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). The district court rejected Smith–Bey's assault claims because "nothing in the complaint ... suggests [that] the defendant correctional officials knew that plaintiff would be assaulted or placed him [in the cell with the 'psychopathic' inmate] for that purpose."

On June 24, 1986, eighteen days after the district court denied his petition and dismissed his complaint, Smith–Bey filed a "Motion For Review, Reconsideration, Or In The Alternative, Leave To Amend Complaint To Conform." Smith–Bey's motion attempted to achieve one of two results. First, citing *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), Smith–Bey requested that the court reconsider its June 6, 1986 order in light of the less stringent standards applied to pleadings of *pro se* prisoners. In the alternative, Smith–Bey sought the court's permission to submit a new complaint that would set forth sufficient facts to state a claim upon which relief could be granted.

In an order dated July 1, 1986, the district court denied Smith–Bey's motion. Referring to its June 6, 1986 order as a "judgment" dismissing Smith–Bey's action, the district court held that any attempt by Smith–Bey to file an amended complaint was untimely under either Fed.R.Civ.P. 15 or Fed.R.Civ.P. 59. Because Smith–Bey's

---

1. The district court's order did not specifically state that it was dismissing the complaint under § 1915(d) or any other statutory provision or Rule of Civil Procedure. Given that the complaint was dismissed prior to the grant of leave to proceed *in forma pauperis* on the ground that

the complaint failed to allege facts entitling Smith–Bey to relief, however, the dismissal was necessarily on the ground of frivolousness under § 1915(d). *See, e.g., Jones v. Morris,* 777 F.2d 1277, 1278 n. 3 (7th Cir.1985).

motion was filed more than ten days after the "judgment" of June 6, 1986, the district court deemed Smith–Bey's motion to be a Fed.R.Civ.P. 60(b) motion. As Smith–Bey failed to make out any of the grounds for relief from judgment under Fed.R.Civ.P. 60(b), the district court denied the motion. This appeal ensued.

## II.

### A. *Appellate Jurisdiction*

■ Before addressing the merits we must first determine our jurisdiction. Under 28 U.S.C. § 1291, appellate courts have jurisdiction over final decisions of the district courts. "In general, a decision is final for purposes of § 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n,* 805 F.2d 663, 666 (7th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987). Thus, the dismissal of a complaint with prejudice is a final appealable order under § 1291. *See Reytblatt v. Denton,* 812 F.2d 1042, 1043–44 (7th Cir.1987).

Smith–Bey and the government both assert that jurisdiction is proper under § 1291. They disagree, however, over which order of the district court is the "final decision" of the district court. The government agrees with the district court that the June 6 order was a final judgment against Smith–Bey. On the other hand, Smith–Bey argues that no "final judgment" complying with the requirements of Fed.R.Civ.P. 58 was ever entered in this case. *See Brekke v. Morrow,* 840 F.2d 4 (7th Cir.1988) (Rule 58 applies to *in forma pauperis* dismissals under § 1915(d)). Smith–Bey does contend, however, that the July 1 order was a final appealable decision because it effectively terminated the litigation, leaving him with no choice but to file the present appeal. We agree with Smith–Bey.

To constitute a final judgment under Rule 58, the judgment must be entered on a separate document and must terminate the litigation. As this circuit explained in *Reytblatt v. Denton:*

The final judgment in a case should be complete and self-contained. It must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief. It should not incorporate some other document or contain legal reasoning. A Rule 58 judgment for this case, in which the district judge apparently meant to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), should say: 'Defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice.' That indicates both the ruling and the disposition—the latter being the more important.

812 F.2d at 1043–44 (citations omitted).

■ Here, the district court's June 6 order fails to constitute a final judgment in two respects. First, judgment is not "set forth on a separate document" as required by Fed.R.Civ.P. 58. The only document entered on the docket was the court's order of June 6, 1986. This does not satisfy the separate document requirement. *See Azeez v. Fairman,* 795 F.2d 1296, 1297 (7th Cir.1986) ("Rule 58 . . . says that the judgment must appear on a separate piece of paper—separate, that is, from the court's opinion."). As this circuit has stressed on several occasions, the separate document requirement is a mechanical rule that serves a very important purpose: it allows litigants to know with certainty when the time to file post-judgment motions and to appeal begins to run. Otherwise, a litigant is forced to guess or to do legal research as to whether a final decision has been rendered.

Second, even absent the separate document requirement, the district court's June 6 order could not be considered a final judgment. The order merely stated that it denied petitioner's *in forma pauperis* petition and dismissed the complaint. It did not set forth the fact that petitioner had been denied all relief, *see Reytblatt,* 812 F.2d at 1044, or in any other way indicate "that the district court had concluded that 'the action could not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to

make...."" *Benjamin v. United States,* 833 F.2d 669, 672 (7th Cir.1987) (quoting *Marshall v. Sawyer,* 301 F.2d 639, 643 (9th Cir.1962)).

In treating its June 6 order as a "final judgment," the district court apparently premised its July 1 order upon the belief that all dismissals under § 1915(d) are with prejudice. Section 1915(d) does not specify whether dismissals under that provision are with or without prejudice. The absence of a specific limitation in the statute, however, has been construed to mean that Congress intended to leave the decision to dismiss with or without prejudice in the district court's discretion. *See Harris v. Cuyler,* 664 F.2d 388, 389–90 (3d Cir.1981) (§ 1915(d) dismissal for filing false affidavit of poverty); *see also Jones v. Morris,* 777 F.2d 1277, 1279 (7th Cir.1985) (decision to dismiss frivolous or malicious actions with prejudice "is committed to the sound discretion of the district court"); *Lay v. Justices—Middle District Court,* 811 F.2d 285, 286 (5th Cir.1987) (§ 1915(d) dismissal for filing false affidavit of poverty); *Tripati v. First National Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir.1987) (stating that even if complaint presents no arguable claim for relief, a petitioner must be given opportunity to submit amended complaint unless it is clear that complaint's deficiencies could not be cured by amendment). Thus, the district court's failure to explicitly state in its June 6 order that its § 1915(d) dismissal was with or without prejudice left the disposition of the matter uncertain.

■ Because the district court's June 6 order was not a final judgment, the district court's subsequent reference in its July 1 order to the June 6 order as a final judg-

ment was erroneous. The July 1, 1986 order, however, did constitute a final decision of the district court (although not a final judgment as no separate document was entered). By referring to its previous order as a judgment dismissing Smith–Bey's action and holding that Smith–Bey could not amend his complaint, the July 1, 1986 order made clear that the district court intended to deny Smith–Bey all relief and that there was nothing further that Smith–Bey could do to cure any deficiencies in his pleadings. Only at that point, however, did the district court make clear that Smith–Bey's claims were dismissed with prejudice and that his only avenue for relief was the present appeal.

■ Finally, we note that the absence of a separate document as required by Rule 58 does not prevent us from exercising jurisdiction over this appeal. In many cases, the absence of a separate document will leave the disposition of a matter unclear and defeat appellate jurisdiction. If there is no question as to the finality of the district court's decision, however, the absence of a Rule 58 judgment will not defeat appellate jurisdiction. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385–88, 98 S.Ct. 1117, 1120–21, 55 L.Ed.2d 357 (1978) (per curiam). Because there is no question about the finality of the district court's decision, the absence of a Rule 58 judgment does not prevent us from hearing this appeal.[2]

### B. *Denial of In Forma Pauperis Petition and Dismissal of Complaint*

■ 28 U.S.C. § 1915(a) grants indigent persons meaningful access to the federal courts by allowing them to bring suit without paying filing fees and costs.[3] This

---

**2.** We note that Smith–Bey's Notice of Appeal sought review of both the June 6 and July 1 orders and was timely filed as to both. Thus, in addition to claiming appellate jurisdiction on the grounds that the July 1 order was a final decision on the merits, Smith–Bey also claimed that the June 6 order denying leave to proceed *in forma pauperis* was an appealable "collateral order." *See Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950); *Spires v. Bottorff,* 317 F.2d 273 (7th Cir.1963). Because the district court's July 1

order was a "final decision" under 28 U.S.C. § 1291, we need not address this issue.

**3.** 28 U.S.C. § 1915(a) provides:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature

access, however, is not unlimited. To prevent abuse of the *in forma pauperis* procedure, 28 U.S.C. § 1915(d) gives district courts the power to dismiss frivolous and malicious cases.[4] In this circuit, district courts must make a preliminary determination that the prospective litigant is indigent and that his action is neither frivolous nor malicious before granting leave to proceed *in forma pauperis. See Jones v. Morris,* 777 F.2d at 1279. If the complaint submitted along with the petition is frivolous, the district court must deny leave to proceed *in forma pauperis* under § 1915(a), *see Wartman v. Branch 7, Civil Division, County Court,* 510 F.2d 130, 132–34 (7th Cir.1975); the district court may also dismiss the complaint with prejudice under § 1915(d). *See Jones v. Morris,* 777 F.2d at 1279; *Williams v. Faulkner,* 837 F.2d 304, 307 (7th Cir.1988).[5]

Because the threshold determination of frivolousness is made on the court's own motion without the benefit of responsive pleadings, the district court's inquiry is extremely limited. A complaint is frivolous at the preliminary stages of litigation only if " 'the petitioner can make no rational argument in law or facts to support his claim for relief.' " *Jones,* 777 F.2d at 1279–80 (quoting *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir.1983)). This standard sets a lower threshold of pleading than the standard applied to a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *See Williams,* 837 F.2d at 306–07. A Rule 12(b)(6) motion requires a district court to decide whether the pleading actually states a claim upon which relief can be granted. Under § 1915(d), a district court's job is much easier. It only need determine that the complaint states an "arguable" basis for relief. Moreover, as this circuit made clear in *Williams,* a district court should not dismiss a complaint with prejudice under § 1915(d) "unless there is 'indisputably

---

of the action, defense or appeal and affiant's belief that he is entitled to redress.

**4.** 28 U.S.C. § 1915(d) provides:

The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

**5.** Counsel for the government has questioned whether there is a complaint "filed" to be dismissed under § 1915(d) when the district court denies leave to proceed *in forma pauperis.* Cases in this circuit, however, have made clear that a district court may dismiss a complaint with prejudice under § 1915(d) prior to granting leave to proceed *in forma pauperis. See Jones v. Morris,* 777 F.2d 1277, 1279 (7th Cir. 1985); *Williams v. Faulkner,* 837 F.2d 304, 306–307 (7th Cir.1988). Treating a complaint as filed for purposes of dismissal under § 1915(d) is in line with the generally accepted rule that a complaint is deemed "filed" within the meaning of Fed.R.Civ.P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk. *Cf. Gilardi v. Schroeder,* 833 F.2d 1226 (7th Cir.1987) (*in forma pauperis* complaint filed for limitations purposes when placed in custody of clerk); *Rodgers v. Bowen,* 790 F.2d 1550 (11th Cir.1986) (*in forma pauperis* complaint filed for limitations purposes when placed in custody of clerk; local rule requiring advance payment of filing fees could not alter court's jurisdiction); *see generally* 2 Moore's Federal Practice, ¶¶ 3.04 and 3.06 (1987). Moreover, we note that no benefit could accrue to a petitioner by requiring a district court to grant leave to proceed *in forma pauperis* only to dismiss the complaint simultaneously.

There is language in some of our cases that a complaint is not deemed "filed": (1) until leave to proceed *in forma pauperis* is granted, *see Jones v. Morris,* 777 F.2d at 1279 ("the complaint was sufficient to survive § 1915(d) scrutiny; thus, the complaint should have been filed") or; (2) if leave to proceed *in forma pauperis* is conditioned upon the payment of partial filing fees, until the fees are paid. *See Bryan v. Johnson,* 821 F.2d 455, 457–58 (7th Cir.1987). Those cases, however, refer only to the formal filing of the complaint for purposes of Fed.R.Civ.P. 4. *Accord Rosenberg v. Martin,* 478 F.2d 520, 522 n. 1a (2d Cir.) (Friendly, J.) (although a complaint is not formally filed until leave to proceed *in forma pauperis* is granted, the action is treated as commenced when the complaint is submitted with *in forma pauperis* petition), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). Both *Jones* and *Bryan* also provide that § 1915(d) dismissals are appropriate if the district court determines that a complaint is frivolous before granting leave to proceed *in forma pauperis. See Jones,* 777 F.2d at 1279; *Bryan,* 821 F.2d at 458. The fact that a complaint is not deemed filed for purposes of Rule 4 simply recognizes that the district court's preliminary examination for frivolousness, maliciousness, and indigency necessitates some delay before summons could issue and the case could proceed in the same manner as non-indigent litigation.

absent any factual or legal basis for the asserted wrong.'" 837 F.2d at 307 (quoting *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 59 (D.C.Cir. 1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985)); *see also Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir.1987) (§ 1915(d) dismissal with prejudice appropriate only when it is clear that deficiencies in pleading could not be cured by amendment). An example of such a pleading is a complaint that seeks relief against individuals who are absolutely immune from suit. *Williams*, 837 F.2d at 307 n. 5.

We recognize that in the world of *pro se* pleadings some complaints may fall under the definition of "frivolous" and yet not allow the district court to determine whether an arguable basis for relief is "indisputably absent." This is often a problem with *pro se* pleaders whose complaints are long on legal "buzzwords" and short on facts. The protections built in the *in forma pauperis* system would be meaningless if persons were allowed to proceed *in forma pauperis* with complaints that do not supply sufficient facts from which a reasonable inference could be made that the rights of the petitioner were violated. There is a significant difference between a complaint that alleges that a petitioner's eighth amendment rights were violated simply because the petitioner was assaulted while in prison and one that alleges that the petitioner was assaulted by a prison guard or in the presence of guards. Although a district court must give such pleadings a liberal construction, this does not mean that the district court must invent factual scenarios that cannot be reasonably inferred from the pleadings. At the same time, however, the pleadings may indicate that the absence of sufficient facts is simply the result of unskilled *pro se* pleading. In such a case, a petitioner should not suffer a dismissal with prejudice because of his lack of legal skills. Rather, the petitioner should be given another opportunity to proceed *in forma pauperis* by submitting an amended complaint that attempts to cure the deficiencies in his previous pleading. *See Tripati*, 821 F.2d at 1370.

■ In short, when the complaint submitted along with a petition for leave to proceed *in forma pauperis* fails to present an arguable claim for relief, the district court must deny leave to proceed *in forma pauperis* under § 1915(a). At the same time, the district court should also determine whether the deficiencies in the complaint could be cured by amendment. If the allegations show that an arguable claim is "indisputably absent," then the district court should dismiss the case with prejudice under § 1915(d). In doing so, the district court should clearly state that the dismissal is under § 1915(d) and with prejudice. The district court should also enter judgment on a separate document as required by Rule 58.

With the above standards in mind, we review the district court's decision to dismiss Smith–Bey's case.

### 1. *The Assaults By Fellow Inmates*

■ Smith–Bey's complaint alleges that he was assaulted "on numerous occasions" by fellow inmates while in prison. We first address his claim based on the beating he allegedly received at the hands of his "psychopathic" cellmate. A correctional officer violates a prisoner's eighth amendment right to be free from cruel and unusual punishment if the officer intentionally exposes the prisoner to violence at the hands of another prisoner. *Little v. Walker*, 552 F.2d 193, 197–98 (7th Cir.1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); *see also Matzker v. Herr*, 748 F.2d 1142, 1148–49 (7th Cir.1984). Here, Smith–Bey's complaint sufficiently alleged facts to overcome dismissal of his petition as frivolous under § 1915(d). Petitioner unmistakably alleges that the correctional staff deliberately subjected him to a beating at the hands of a fellow prisoner. While the details are somewhat sketchy, the facts outlined in the complaint are sufficient at this stage in the litigation process to survive dismissal on the grounds of frivolousness. *See Jones v. Morris*, 777 F.2d at 1279–80 & n. 5.

■ The real problem with Smith–Bey's claim is his inability to specifically state the names of the correctional staff who were allegedly responsible for having him assaulted. This does raise questions as to the strength of his claim. The mere inability to state the individual defendants by name, however, does not warrant dismissal of a claim if the allegations in the complaint allow for the specific persons to be subsequently identified with reasonable certainty. *See Chavis v. Rowe,* 643 F.2d 1281, 1290 n. 9 (7th Cir.), *cert. denied,* 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225 (1981); *Maclin v. Paulson,* 627 F.2d 83, 87–88 (7th Cir.1980); *cf. Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 2001 n. 2, 29 L.Ed.2d 619 (1971). Here, Smith–Bey's complaint does name the allegedly responsible persons by position and the complaint's factual allegations appear to allow for the specific persons to be identified with reasonable certainty. Accordingly, we reverse the district court's dismissal of this claim as frivolous under § 1915(d). We instruct the district court on remand to grant the petition to proceed *in forma pauperis* on this claim provided that the district court determines that the other requirements for proceeding *in forma pauperis* are met.

■ Smith–Bey's other assault claims stand on a different footing. While the complaint mentions that Smith–Bey was the victim of other assaults by inmates, it does not allege any facts that indicate any conscious decision of the prison staff to cause or to fail to prevent those assaults. *See generally Walsh v. Mellas,* 837 F.2d 789 (7th Cir.1988). These claims seeking recovery for assaults—without any facts indicating personal involvement of the prison staff—fail to present an arguable basis for relief. It is not clear, however, that the deficiencies in the complaint could not be cured by amendment. In the event Smith–Bey is able to assert other non-frivolous eighth amendment claims, he should be permitted to amend his complaint to allege *facts* in support of any such claim. *See Tripati,* 821 F.2d at 1370. We caution Smith–Bey that this is not an open invitation to create fanciful allegations. *See* Fed.R.Civ.P. 11.

## 2. *Deliberate Indifference to Serious Medical Needs*

■ To establish an eighth amendment violation based on inadequate medical care, a prisoner must establish that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Negligence, or even tort recklessness, does not state a claim under the Eighth Amendment. *Shockley v. Jones,* 823 F.2d 1068, 1072 (7th Cir.1987). " '[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense.' " *Id.* (quoting *Duckworth v. Franzen,* 780 F.2d 645, 652–53 (7th Cir.1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 71, 93 L.Ed. 2d 28 (1986)).

Although a close question, we do not believe Smith–Bey's complaint can be characterized as frivolous at this stage of the proceedings. Smith–Bey alleges that he was given an ice pack for a wound that was bleeding "profusely" and should have received "stitches." He also alleges that he was only given an ice pack for a broken nose that apparently had a piece of cartilage protruding from the skin. When his broken nose kept bleeding, a physician's assistant removed a piece of "splintered bone" from Smith–Bey's nose without sending him to the prison doctor. Smith–Bey further alleges that he continues to suffer "periodic" pain from this treatment and that the treatment constituted the wanton infliction of pain. If these allegations were before us on appeal of a Rule 12(b)(6) dismissal, a difficult question would arise as to whether plaintiff's allegations fall beyond the realm of gross negligence or tort recklessness. *See Shockley,* 823 F.2d at 1072. However, under § 1915(d), the question is not whether plaintiff's complaint states a claim upon which relief can be granted. Rather, the question is whether the allegations present an "arguable" basis for relief. Here, the complaint's alle-

gations that Smith–Bey has been deliberately denied access to medical care by a practice of being merely given "ice packs" as treatment for allegedly serious injuries does raise an arguable claim. At this stage of the proceedings, these allegations are sufficient to avoid dismissal under § 1915(d).

As with the assault claim, the complaint fails to give the names of the allegedly responsible individuals. The complaint appears to name everyone involved with the prison hospital at Terre Haute as defendants. The facts alleged in the complaint, however, could only be viewed as implicating the Hospital Administrator and the two physician's assistants who treated Smith–Bey. As such, Smith–Bey should only be allowed to pursue his claims against those individuals. *See Williams v. Faulkner*, 837 F.2d at 308. Accordingly, we reverse the district court's § 1915(d) dismissal of the claims against the Hospital Administrator and the physician's assistants who treated Smith–Bey. We remand with instructions that Smith–Bey be granted leave to proceed *in forma pauperis* on these claims, provided that the district court finds that the other requirements for proceeding *in forma pauperis* are met.

C. *Denial of Appointment of Counsel*

 In addition to petitioning for leave to proceed *in forma pauperis*, Smith–Bey also requested that the district court appoint him counsel under 28 U.S.C. § 1915(d). The decision to appoint counsel in a civil case rests within the district court's sound discretion. *See Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983). In exercising this discretion, the district court must analyze all the circumstances of the case with "particular emphasis ... to be placed upon 'certain factors' that have been recognized to be highly relevant to requests for counsel." *Id.* (setting forth factors to be considered); *see also Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir.1981). One of these factors is the indigent's probability of success on the merits. *Caruth*, 683 F.2d at 1048; *Maclin*, 650 F.2d at 887.

Here, the district court rested its decision to deny Smith–Bey appointed counsel solely upon its conclusion that the facts alleged in the complaint warranted dismissal under § 1915(d). As we have reversed the district court's decision to dismiss on this ground, we must necessarily reverse the district court's decision to deny appointment of counsel. We instruct the district court on remand to reconsider Smith–Bey's request for counsel in light of this circuit's decisions in *Caruth* and *Maclin*. We express no opinion on whether or not the district court should appoint counsel.

REVERSED AND REMANDED.