908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III, Plaintiff-Appellant,
v.
SIX UNKNOWN FEDERAL PRISON GUARDS, Defendants-Appellees.
 No. 89-3324.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 26, 1990.*
Decided July 10, 1990.
 
 Before WILLIAM J. BAUER, Chief Judge, and WALTER J. CUMMINGS and JOHN L. COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Isiah Evans, III, an inmate confined at the federal penitentiary in Marion, Illinois, brought this civil rights complaint in which he alleged that at the noon and evening meal on May 30, 1989, unknown prison guards negligently or intentionally served him "baked food stuffs with metallic appearing substances beneath it." He alleged that in serving "metallic substanced foods," these prison guards breached their statutory duty to provide a safe system for federal prisoners pursuant to 18 U.S.C. Sec. 4042. He alleged further that the "metallic substanced foods," when eaten, are "matters which causes [sic] internal damages and aggravations for the plaintiff and needless pain and sufferings." For relief, Evans asked the court to file his complaint, to appoint counsel for "alloy and metallurgical tests" and for discovery, to order a full medical examination and treatment, and to award him two million dollars in compensatory damages and five million dollars in punitive damages. The district court dismissed the complaint, without prejudice, under 28 U.S.C. Sec. 1915(d). Evans appeals from this dismissal. We affirm.
 
 
 2
 We agree with the district court that Evans' complaint was frivolous. Evans was unable to make any rational argument in law or fact to support his claim for relief. See Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 757-58 (7th Cir.1988). As the district court reasoned:
 
 
 3
 [N]one of the plaintiff's allegations will support a reasonable inference that he ate the food containing the metallic substance, or that he was injured in any way as a result of ingesting such particles. At worst, this case presents two isolated instances of adulteration of plaintiff's food, neither of which caused him any injury. Injury in fact is a necessary element of any civil rights claim for damages, and accordingly, no argument of law will support this action in federal court.
 
 
 4
 These allegations are the type of "fanciful factual allegations" which fall within the context of Sec. 1915(d) and which authorize dismissal of Evans' complaint on grounds of legal frivolousness. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record