958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arelious BUCHANAN, Plaintiff/Appellant,
v.
Jack R. DUCKWORTH, Warden and John Doe, Defendants/Appellees.
 No. 91-2034.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided March 19, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Arelious Buchanan sued prison officials in charge of his prison because they denied him the privilege of out-of-cell exercise time while he was segregated from the general prison population. Although we have held that the general prison population is entitled to minimal time for exercise out of their cells, Davenport v. DeRobertis, 844 F.2d 1310, 1315-16 (7th Cir.1988); French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985), prisoners who are segregated for short periods of time are not entitled to the same right, Harris v. Fleming, 839 F.2d 1232, 1236-37 (7th Cir.1988). Accordingly, the district court dismissed Arelious Buchanan's complaint as legally frivolous. 28 U.S.C. § 1915(d) (1988). He appeals that dismissal, and we AFFIRM the court's decision for the reasons stated in the attached district court order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 2
 ARELIOUS BUCHANAN, Plaintiff,
 
 
 3
 vs.
 
 
 4
 JACK DUCKWORTH, JOHN DOE, Defendants.
 
 Cause No. IP 91-425-C
 
 5
 ENTRY DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND
 
 DIRECTING ENTRY OF JUDGMENT
 
 6
 This cause is before the Court on the plaintiff's civil rights complaint, on his motion for temporary restraining order and/or preliminary injunction and on his request to proceed in forma pauperis.
 
 
 7
 Whereupon the Court, having read and examined such complaint, motion and request, and being duly advised, now finds the complaint legally frivolous within the meaning of 28 U.S.C. § 1915(d). The plaintiff's request to proceed in forma pauperis and motion for temporary restraining order and/or preliminary injunction will therefore be denied and this cause of action dismissed with prejudice. Judgment consistent with this Entry shall now issue.
 
 
 8
 IT IS SO ORDERED.
 
 
 9
 /s/JOHN DANIEL TINDER, Judge
 
 United States District Court
 Date: 4-25-91
 MEMORANDUM
 Background
 
 10
 Plaintiff is an inmate at the Indiana State Reformatory. He alleges in this action that his Fourteenth and Eighth Amendment rights and institution rules have been violated because of Reformatory officials imposing an "illegal sanction" on him. The sanction consists of denying him recreation outside of his small cell. The sanctions were imposed by (nondefendant) "lesser ranking officers" and the plaintiff asserts, without elaboration, that he is innocent of the incidents leading to these sanctions. He has named as defendants the Superintendent of the Reformatory and a "John Doe" defendant, but has not described this latter defendant by position or conduct. He seeks eight thousand dollars ($8,000) in damages and temporary injunctive relief directing all prisoners on the Disciplinary Segregation Unit daily out-of-cell recreation. His claims are brought pursuant to 42 U.S.C. § 1983 and he also invokes the pendent jurisdiction of this Court.
 
 Standard of Review
 
 11
 Although the meaningful access to the courts in this Country is every citizen's fundamental right, the exercise of that right ordinarily involves some cost, including money. Congress has provided in 28 U.S.C. § 1914(a) that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $120...."
 
 
 12
 The plaintiff asserts his indigence and inability to prepay the $120.00 filing fee to commence this action. He has therefore elected to proceed in this action under 28 U.S.C. § 1915(a), a statute which guarantees indigent persons access to the courts by providing for the waiver of the filing fee requirement.
 
 
 13
 Despite this provision, however, access to the courts by nonpaying litigants may be abused and Congress has therefore further provided that "[t]he court may ... dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). See Neitzke v. Williams, 109 S.Ct. 1827 (1989). Pursuant to 28 U.S.C. § 1915(d) the district court is to
 
 
 14
 make a preliminary determination that the prospective litigant is indigent and that his action is neither frivolous nor malicious before granting leave to proceed in forma pauperis ... If the complaint submitted along with the petition is frivolous, the district court must deny leave to proceed in forma pauperis under 28 U.S.C. § 1915(d) ... [and] may also dismiss the complaint with prejudice under § 1915(d).
 
 
 15
 Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757 (7th Cir.1988). A complaint should be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. at 1831. See also Flick v. Blevins, 887 F.2d 778, 780 (7th Cir.1989). In making this determination, we apply the principles that this pro se plaintiff is to be given "the benefit of the doubt" and his pleadings liberally construed. McKeever v. Israel, 689 F.2d 1312, 1315 (7th Cir.1982).
 
 Discussion
 A. Federal Claims
 
 16
 The plaintiff's action is principally brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 108 S.Ct. 2250, 2255 (1988). The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).
 
 
 17
 The plaintiff's federal claims are two-fold, ostensibly resting on both the Eighth and the Fourteenth Amendments. The Court will first examine the claim of the deprivation of an interest under the Fourteenth Amendment.
 
 
 18
 Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary government action. A constitutionally protected liberty interest can arise from the Constitution or from state statutes, policies and practices. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Vitek v. Jones, 445 U.S. 480, 488 (1980). There is no constitutional provision which entitles a state prisoner to a particular set of conditions or to conditions of confinement identical with those of every other inmate in a particular institution. Meachum v. Fano, 427 U.S. 215, 224-225 (1976).
 
 
 19
 A protected liberty interest may also arise from state law where the State has placed substantive limitations on official discretion. This occurs most often when a state establishes "substantive predicates" to govern official decision-making which mandate the outcome to be reached upon a finding that the relevant criteria have been met. Kentucky Department of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989).
 
 
 20
 The plaintiff does not identify what "liberty" interest has been infringed. He has no liberty interest in being assigned to a particular housing unit. He has no liberty interest in being free of conditions normally associated with a term of imprisonment. He has no liberty interest in being confined in a more restrictive and less amenable environment for nonpunitive reasons so long as the conditions of that confinement are not violative of the Eighth Amendment. Rather, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547 (1976).
 
 
 21
 Without a liberty interest implicated by the plaintiff's allegations, the Fourteenth Amendment's guarantee of due process drops out of this action and the plaintiff's confinement must be examined solely under the Eighth Amendment. Walsh v. Mellas, 837 F.2d 789, 791 n. 2 (7th Cir.1988). The condition of confinement which is identified here is the absence of out-of cell recreation in the Disciplinary Segregation Unit.
 
 
 22
 Confinement in a prison is a form of punishment subject to scrutiny under Eighth Amendment standards. Hutto v. Finney, 437 U.S. 678, 685 (1978). Although there is no static "test" by which courts can determine whether conditions of confinement are cruel and unusual, Rhodes v. Chapman, 452 U.S. 337, 346 (1981), prison conditions can be cruel and unusual when they "deprive inmates of the minimal civilized measure of life's necessities," id. at 347, or when they result in punishments that "involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime." Id. at 346. Conditions are not unconstitutional simply because they are harsh or restrictive, Meriwether v. Faulkner, 821 F.2d 408, 411 (7th Cir.1987), cert. denied 108 S.Ct. 311 (1987). In this circuit, "we determine whether there have been 'serious deprivations of basic human needs' ... by examining the 'totality of conditions of confinement.' " French v. Owens, 777 F.2d 1250, 1252 (7th Cir.1985), cert. denied, 107 S.Ct. 77 (1976) (citations omitted).
 
 
 23
 The plaintiff has no federally protected right to any specific form of recreation while in prison. In French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985), cert. denied, 107 S.Ct. 77 (1976), our Court of Appeals recognized that lack of exercise could rise to a constitutional level "[w]here movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." Mr. Buchanan's limited activity outside his cell, a 15-minute shower period every other day, is harsh, but is not alleged to have had the consequences which suggest the denial of an opportunity for exercise (whether in his cell or elsewhere) amounting to mistreatment in a constitutional sense. Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988). As our Court of Appeals noted in Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988), citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981):
 
 
 24
 Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obligated to provide constitutionally adequate confinement. The constitutional test requires courts to look to "the evolving standards of decency that mark the progress of a maturing society."
 
 
 25
 Nothing in the conditions of his confinement which the plaintiff describes suggests that he has been subjected to cruel and unusual punishment.
 
 
 26
 The third explicit claim in the complaint is that the sanction which is the focus of the complaint was imposed by "lesser ranking officers," presumably without authority under institution rules to impose the sanction. The content of the "institution rules" is not supplied. Nonetheless, to the extent that the plaintiff seeks to enforce state rules in this Court the action cannot be entertained. A violation of state law (even if Reformatory "rules" could legitimately be described in this manner) does not state a claim under § 1983. Kasper v. Board of Election Commissioners of City of Chicago, 814 F.2d 332 (7th Cir.1978); an error of state law is not a denial of federal due process. Azeez v. Fairman, 795 f.2d 1296, 1299 (7th Cir.1986). Additionally, the Supreme Court has made it clear that the federal courts have no jurisdiction or business telling state authorities how to interpret or implement state law. This is shown in the Court of Appeals' statement in Archie v. City of Racine, 847 F.2d 1211, 1217 (7th Cir.1988) (en banc), cert. denied, 109 U.S. 1338 (1989), rejecting an attempt to "transmute" a violation of state law into a constitutional violation:
 
 
 27
 A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules. Indeed, 'it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.'
 
 
 28
 (quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984)).
 
 
 29
 In further possible connection with this amorphous claim, it can be noted that the imposition of every or any sanction in a prison does not automatically trigger due process protections. While it is true that in some instances prison disciplinary proceedings trigger limited due process protections, e.g., Wolff v. McDonnell, 418 U.S. 539 (1974), this occurs only when the proceeding threatens the loss of some interest which is cognizable under Due Process Clause. This point was recently noted by our Court of Appeals in Castenada v. Henman, 914 F.2d 981, 983 (7th Cir.1990):
 
 
 30
 Contrary to Castenada's assertion, the due process rights mandated by Wolff turn not upon the mere fact of discipline, but upon whether the disciplinary sanction imposed by prison officials implicates an inmate's liberty interest. Wolff, 418 U.S. at 557. Thus, the relevant question to this appeal is not whether Castenada was in fact disciplined but whether the disciplinary sanction which he received implicated a protected liberty interest.
 
 
 31
 The sanction imposed here does not implicate a protected liberty interest and therefore the manner in which it was imposed is not entitled to scrutiny under Wolff.
 
 B. Pendent State Law Claim
 
 32
 In his separate document entitled "Jurisdiction" the plaintiff states that he "invokes the pendent jurisdiction of this Court." However, there is no express state law claim asserted.
 
 
 33
 Pendent jurisdiction refers to "the power of a federal court, once it acquires jurisdiction over a case and controversy properly before it, to adjudicate other claims sufficiently closely related to the main claim even though there is no independent basis for subject matter jurisdiction over the related claims." Baylis v. Marriott Corp., 843 F.2d 658, 663 (2nd Cir.1988). To exercise pendent jurisdiction over state law claims the court must have an independent source of federal subject matter jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). "When all bases for federal jurisdiction have been eliminated from a case so that only the pendent state claims remain, the federal court should ordinarily dismiss the state claims." Kauth v. Hartford Insurance Company of Illinois, 852 F.2d 951, 955 (7th Cir.1988). That is the situation here, and any claim under Indiana law which the complaint can be construed to assert will be dismissed for lack of subject matter jurisdiction.
 
 Conclusion
 
 34
 The plaintiff's claims are entitled to and have received fair and meaningful consideration. This Court has the duty to recognize and accept valid claims for the deprivation of constitutional and other federally protected rights. It must further generously construe the allegations of pro se litigants such as Mr. Buchanan. In order to state a cause of action, the plaintiff must allege the deprivation of a federally secured right. In this case, however, the review mandated under 28 U.S.C. § 1915(d) shows beyond doubt that his claims are so insubstantial as to lack an arguable basis in law or fact. The claims are therefore legally frivolous and pursuant to 28 U.S.C. § 1915(d) the request to proceed in forma pauperis must now be denied and the cause of action dismissed with prejudice, except that any pendent state law claim will be dismissed for lack of jurisdiction.
 
 Copies to:
 Arelious Buchanan, # 854024
 Indiana State Reformatory
 P.O. Box 30
 Pendleton, Indiana 46064
 Jack Duckworth, Superintendent
 Indiana State Reformatory
 P.O. Box 30
 Pendleton, Indiana 46064
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs