9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Russel J. BESECKER, Plaintiff-Appellant,
v.
Officer BOYL, Defendant-Appellee.
 No. 92-2540.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 6, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Russel J. Besecker appeals the dismissal of his civil rights action under 42 U.S.C. Sec. 1983. The district court did not abuse its discretion, Denton v. Hernandez, 112 S.Ct. 1728 (1992), and we AFFIRM its decision for the reasons stated in the attached order.
 
 ATTACHMENT
 ORDER
 
 2
 By its order of March 13, 1992, the Court granted in part plaintiff's application to proceed in forma pauperis, ordering that plaintiff pay half ($60.00) of the required filing fee in order to proceed with his suit. Since that time, the Supreme Court issued its decision in Denton v. Hernandez, 60 U.S.L.W. 4346 (1992), in which it addressed the dismissal of complaints pursuant to 28 U.S.C. Sec. 1915(d) on the ground of factual frivolousness. There, the Supreme Court explained that district courts are permitted to "pierce the veil" of the factual allegations in a complaint, meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Id. at 4347. Thus, the Court determined that district courts are not required to accept "all allegations that cannot be rebutted by judicially noticeable facts." Id. at 4348. Instead, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. Upon reconsideration of the allegations in plaintiff's complaint pursuant to this standard, the Court has determined that those allegations are factually frivolous and that dismissal is therefore appropriate under Sec. 1915(d).
 
 
 3
 Plaintiff alleges that on March 1, 1990, he went to the Psychiatric Institute of Cook County. While there, he alleges that he was "smacked" a couple of times by a police officer who acted at the request of the examining psychologist. He also alleges that he was insulted and slandered by the defendant officer and others. Plaintiff further alleges that on August 20, 1990, the defendant officer was present at plaintiff's fitness hearing and that he was seated near the jury box holding an "unattached microphone" as if "he were thinking of striking [plaintiff] with it." Moreover, plaintiff alleges that after he was found unfit, the officer jumped up and grabbed plaintiff's jacket "to take everything out of it." He alleges that he was falsely diagnosed as a chronic paranoid schizophrenic and that the officer's actions were part of a plot to inflict mental suffering on him.
 
 
 4
 Taking these allegations as a whole in light of the Supreme Court's directive that the Court is not required to accept without question the truth of plaintiff's allegations, the Court finds that plaintiff's allegations rise to the level of the irrational and wholly incredible. It appears to this Court that the scenario described by plaintiff in his complaint is both fantastic and delusional. See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). Although his allegations are directed primarily against the defendant officer, he seems to believe that everyone with whom he came into contact was involved in a conspiracy against him. For example, in addition to his allegations in the instant complaint, plaintiff also stated to this Court at a hearing held on June 3, 1992 that the public defender assigned to defend him in certain of his cases in state court also was part of the "conspiracy" against him. Accordingly, upon reconsideration, the Court dismisses plaintiff's complaint with prejudice as factually frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Smith-Bey v. Hospital Administrator, 841 F.2d 751, 758 (7th Cir.1988).
 
 
 5
 If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record