23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Samuel Easton SLAGEL, Plaintiff-Appellant,
v.
SHELL OIL REFINERY, et al., Defendants-Appellees.
 No. 93-1303.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.*
Decided May 4, 1994.
Rehearing Denied June 7, 1994.
 
 Before CUDAHY, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Samuel Easton Slagel brought this civil rights action under 42 U.S.C. Sec. 1983 alleging a conspiracy by the defendants to cover up his arrest for rape and harassment.[2] The district court sua sponte dismissed Slagel's in forma pauperis complaint prior to service of process. 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Dismissal was proper notwithstanding the district court's erroneous application of Fed.R.Civ.P. 12(b)(6)'s failure-to-state-a-claim standard to the complaint, see Nietzke v. Williams, 490 U.S. 319, 326 & 328-29 (1989); Smith-Bey v. Administrator, 841 F.2d 751, 757 (7th Cir.1988), since none of the defendants left on appeal is amendable to suit[3] save the Champaign County Housing Authority, and that agency did not deprive Slagel of any constitutional right.[4]
 
 
 3
 Shell Oil Refinery, Dr. Michael H. Ralph, and Renee and Dr. Adolf Lo are all private parties, not state actors, and cannot be subject to Sec. 1983 liability unless they willfully participate in a conspiracy with the state or its agents. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982). Although Slagel alleged that these parties conspired with state actors, his factual allegations are "vague, conclusory and include no overt acts reasonably related to the promotion of an alleged conspiracy." Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir.1991).
 
 
 4
 In addition, Thomas J. Difanis, State's Attorney for Champaign County, has absolute immunity in carrying out a prosecution, Imbler v. Pachtman, 424 U.S. 409 (1976), while Willard Schlieter, Chief of the Urbana Police Department, committed no constitutional violation in failing to act on Slagel's complaint letters. As for the City of Urbana, liability may not be imposed absent an allegation that injury was inflicted pursuant to a municipal policy or custom.[5] Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978); see City of Canton v. Harris, 489 U.S. 378, 388 (1989). There was no such allegation here.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Slagel has filed such a statement. Upon consideration of Slagel's statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 To the extent this action is also brought pursuant to 42 U.S.C. Secs. 1981 and 1985, these statutes are inapplicable because the complaint does not allege racial or other class-based, discriminatory animus. Lowe v. Letsinger, 772 F.2d 308, 311 (7th Cir.1985)
 
 
 [3]
 By order dated November 8, 1993, the United States Post Office, Judge Harold Baker, and the Champaign County Circuit Court were dismissed from the appeal pursuant to Fed.R.App.P. 42(b)
 
 
 [4]
 According to the complaint, "[t]he defendant, Champaign County Housing Authority, knew of the problems [Slagel was having with his landlords, Renee and Dr. Adolph Lo], yet backed the defendants [the Los] ... particularly to Feb. 14, 1992, by knowing evidence that the defendant, Urbana Police Department, refused to give to the Plaintiff."
 
 
 [5]
 The complaint merely alleged that "[t]he plaintiff believes that the administrators of the defendants are responsible for the training of those under them and are so responsible for their actions."