52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Simon L. HU, Plaintiff-Appellant,
v.
Kim DIOTTE, Hamilton County Superior Court 2, and Ralph V.
Wilhelm, Defendants-Appellees.
 No. 93-1654.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided April 19, 1995.
 
 AS MODIFIED.
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Simon Hu appeals the district court's denial of his petition to proceed in forma pauperis and the dismissal with prejudice of his civil rights complaint under 28 U.S.C. Sec. 1915(d). In his complaint, filed in January 1993, Hu alleged the deprivation of several constitutional rights stemming from defendant Judge Diotte's finding that he was in contempt of court for violating a protective order issued on behalf of Ralph Wilhelm. In addition, Hu claimed that Judge Diotte and Wilhelm were involved in torturing him while he was serving a six month sentence in the county jail. In May 1993, we summarily affirmed the district court's decision in all respects except for Hu's allegations that the defendants tortured him. Hu v. Diotte, No. 93-1654 (7th Cir. May 7, 1993). Counsel was appointed to brief the remaining issue. We now modify the district court's dismissal of Hu's complaint with respect to the torture claim to be without prejudice.
 
 
 2
 Under section 1915(d), the district court may dismiss a complaint if the claims therein have no arguable basis in law or fact and the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir.1993). We review such a dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 3
 The only reference to torture in Hu's complaint is the following: "Judge Kim Diotte was also involved in my torturing after I was in jail." Clearly, Hu's claim has an arguable basis in law since torture is prohibited under the Eighth Amendment's protection against cruel and unusual punishment. However, section 1915(d) also provides the courts with the unusual authority to "pierce the veil of the complaint's factual allegations" and to dismiss a claim as factually frivolous if the facts "rise to the level of the irrational or the wholly incredible." Denton, 112 S.Ct. at 1733.
 
 
 4
 Here, Hu does not allege any facts with which to support his claim. Although pro se pleadings are to be liberally construed, we recognized in Smith-Bey v. Hospital Administrator that the district court is not required to invent factual scenarios that cannot be reasonably inferred from the pleadings. 841 F.2d 751, 758 (7th Cir.1988). Nonetheless, we held that the complainant should not suffer a dismissal with prejudice under Sec. 1915(d) because of his lack of legal skills; rather he should be given the opportunity to proceed in forma pauperis with an amended complaint that attempts to cure the deficiencies of his first pleading. Id.
 
 
 5
 Shortly after we ordered briefing of the torture claim, the district court supplemented the record on its own motion by submitting a certified copy of an amended complaint filed by Hu on March 24, 1993 in another federal civil rights case naming Diotte and Wilhelm as well as several other individuals as defendants. In that complaint, Hu set forth his allegations of torture during his stay in the county jail in much greater detail. Although Hu initially sought to proceed in forma pauperis in that action,[1] the petition was denied, presumably without prejudice, by another federal district court judge. Hu subsequently amended the complaint and paid the filing fees.
 
 
 6
 On appeal, Hu suggests three ways in which this court may settle this case. First, we could dismiss the appeal and order that the dismissal does not preclude plaintiff from pursuing his torture claim in his other action where the filing fees have been paid. Second, we could remand this action to the district court to consider the frivolousness of the torture claim anew. Third, we could reverse the district court's judgment to the extent that it dismissed Hu's torture claims.
 
 
 7
 Given the existence of a complaint for which the fees have been paid alleging more precisely Hu's claim of torture against the defendants, we are not inclined to remand this case to the district court. However, to insure that Hu will not be precluded from pursuing his claim in his second action because of the doctrine of res judicata, we modify the district court's judgment with respect to this claim only to be without prejudice.
 
 
 8
 AFFIRMED AS MODIFIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the Plaintiff-Appellant that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the Plaintiff-Appellant could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed, and the appeal is submitted on the briefs and the record
 
 
 [1]
 According to Hu, both lawsuits were initiated on the same day