**John Eric SANDLES, Plaintiff,**

v.

**U.S. Attorney T. SCHNEIDER, U.S. Assistant P. Kanter, Magistrate Judge A. Goodstein, Magistrate Judge P. Gorence, Probation Officer Rex Morgon, and Judge Randa T. Rudolph, Officers of the Eastern District of Wisconsin, Defendants.**

**No. 95–C–1057.**

United States District Court, E.D. Wisconsin.

Nov. 13, 1995.

288

John Eric Sandles, Terre Haute, IN, Pro Se.

No appearance, for Defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On October 18, 1995, the plaintiff, John Sandles, presently incarcerated in the United States Penitentiary in Terre Haute, Indiana, filed a complaint against the above-referenced defendants which purported to be brought under 42 U.S.C. §§ 1983, 1985(2) and 1986. Along with the complaint, the plaintiff filed a petition for leave to proceed in forma pauperis.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (d). The court is obliged to give Mr. Sandles' pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992), cert. denied, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

Mr. Sandles has filed an affidavit of indigence disclosing that he is not presently employed and that he has no assets other than the 24 cents in his prison trust account. I am satisfied that Mr. Sandles is unable to pay the costs of commencing this action.

■ With respect to the second element, an action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief in law or in fact. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1732, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993) (citing *Castillo v. Cook County Mail Room Dep't.,* 990 F.2d 304, 306 (7th Cir.1993)).

As a preliminary matter, the court notes that Mr. Sandles describes all of the named defendants as being officers of the eastern district of Wisconsin. One of the defendants named by Mr. Sandles is "Judge Randa T. Rudolph." Obviously, Mr. Sandles meant to refer to Judge Rudolph T. Randa, who is a judge in this district.

■ In determining the nature of Mr. Sandles' claim, I was obliged to weed through a 28–page complaint fraught with baffling legal quotations and endless rhetoric concerning the "Ordained Constitution for the United States of America" and the Oklahoma bombing. The only reasonably coherent allegations against the defendants consist of the following: (1) the defendants are "clearly in excess of the express, conditional, delegated and vested Powers and Authority, as established by the . . . Constitution"; (2) the defendants' acts have denied the plaintiff his right to "due process by acknowledging governmental statutes *above* the Constitution" (emphasis in original); (3) the defendants were in a "Conspiracy to denie [sic] and deprive the Plaintiff of his Constitutionally Secured right to be free from Federal Prosecution"; (4) the defendants "did not act in accordance with the specific performance contracts, 'Oaths,' to support and defend the Constitution"; and (6) the defendants have "willfully chose [sic] to continue to illegally and unlawfully misuse the vested Powers and Authority of the same said Public Office to aid, abet, counsel, command and procure the commission and furtherance of the same illegal and unlawful activity, modes and procedures . . . ."

■ These blanket assertions constitute nothing more than bare legal conclusions. Under § 1915(d), even pro se complaints are required to contain at least "some minimum level of factual support for their claims." *White v. White,* 886 F.2d 721, 724 (4th Cir. 1989). As the court of appeals for the seventh circuit has observed: "[t]he protections built in the in forma pauperis system would be meaningless if persons were allowed to proceed in forma pauperis with complaints that did not supply sufficient facts from which a reasonable inference could be made that the rights of the petitioner were violated." *Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 758 (7th Cir.1988). Moreover, despite the court's obligation to construe the pleadings liberally, the court need not "invent factual scenarios that cannot be reasonably inferred from the pleadings." *Smith–Bey,* 841 F.2d at 758.

Accordingly, because Mr. Sandles' petition merely states legal conclusions without any factual assertions, I find that his claims are devoid of "an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

■ In addition, Mr. Sandles' petition fails to the extent that the defendants, Judge Randa, Magistrate Judge Goodstein and Magistrate Judge Gorence, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), along with defendants, United States Attorney T. Schneider and United States Assistant Attorney P. Kanter are absolutely immune from liability for damages in civil rights actions for the performance of their respective duties in judicial proceedings. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). As to the remaining defendant, Mr. Morgon, his status as a probation officer entitles him to absolute immunity in circumstances which require him to perform quasi-judicial tasks such as preparing a presentence report. *Spaulding v. Nielsen,* 599 F.2d 728, 729 (5th Cir.1979).

Therefore, IT IS ORDERED that Mr. Sandles' petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice.