Steven SMITH, Plaintiff,

v.

Richard ARTISON, Defendant.

No. 91–C–992.

United States District Court, E.D. Wisconsin.

Nov. 29, 1991.

**114**

Steven Smith, pro se.

No appearance for defendant.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Steven Smith, currently incarcerated at the Green Bay Correctional Institution, seeks redress under 42 U.S.C. § 1983 from the Milwaukee county sheriff, who allegedly failed to protect him from an assault by other inmates at the Milwaukee county jail. Mr. Smith has filed a petition for leave to proceed in forma pauperis. The court will grant the petition.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). The court is obliged to give Mr. Smith's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Upon review of Mr.

Smith's affidavit of indigence, the court is satisfied that Mr. Smith is unable to pay the costs of commencing this action. Accordingly, the court finds that Mr. Smith has satisfied the requirements of 28 U.S.C. § 1915(a).

An action is frivolous, for purposes of 28 U.S.C. § 1915(d), if there is no arguable basis for relief either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). The requirements of § 1915(d) are met if Mr. Smith's complaint discloses even an arguable violation of his rights under the federal Constitution and 42 U.S.C. § 1983.

Mr. Smith alleges that in "August 1991" (although he must have meant "1990"), he was admitted to the Milwaukee county jail; subsequently, in October 1990, two unnamed inmates made threats against his life. He alleges that, as a result, he "authored a communication to defendant Artison" requesting to be removed from the cellblock. He alleges that defendant Artison "willfully, intentionally and maliciously ignored and disregarded" his communication and took no corrective action. He further alleges that a short time later he sustained an attack by the very inmates who had previously threatened him; the attack caused him severe physical injuries—a dislocated shoulder, two broken ribs, two black eyes, a broken nose, and various contusions. He charges that defendant Artison showed reckless disregard for his "need for protection for the very purpose of causing harm to him." He seeks compensatory damages in the amount of $100,000, punitive damages in the amount of $100,000, and "past and future" medical expenses in the amount of $75,000.

The complaint does not disclose whether Mr. Smith had been convicted before or after he was housed in the Milwaukee county jail. The eighth amendment proscription of cruel and unusual punishment applies only to persons who have been successfully prosecuted by the state—convicted of a criminal offense. Pre-trial detainees, persons who have not (yet) been convicted, may not be "punished" at all—

cruelly, unusually, or otherwise. *See Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984). Accordingly, pre-trial detainees must invoke their constitutional protections directly through the due process clause of the fourteenth amendment—instead of under the eighth amendment.

■ Nevertheless, it has recently been determined that both pre-trial detainees (under the due process clause of the fourteenth amendment) and prisoners (under the cruel and unusual punishment clause of the eighth amendment) must be accorded the same fundamental standard of care by corrections officials. *Salazar v. City of Chicago,* 940 F.2d 233, 240 (7th Cir.1991). Under this standard, corrections officials may not deprive inmates of either variety of their constitutional entitlement to security from violence at the hands of other inmates. *Goka v. Bobbitt,* 862 F.2d 646, 649–50 (7th Cir.1988) (*citing Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 758 (7th Cir.1988)). However, the officials expose themselves to liability under 42 U.S.C. § 1983 only if their actions are deliberate or wanton; negligence or even gross negligence will not establish a constitutional violation. *Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991); *Duckworth v. Franzen,* 780 F.2d 645, 651 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); *see also Goka,* 862 F.2d at 651.

■ At a minimum, an inmate must demonstrate that the responsible corrections officials were deliberately indifferent to his or her welfare to prevail on a claim under 42 U.S.C. § 1983. *See, e.g., Wilson,* 111 S.Ct. at 2326–27 (allegations of overcrowding, excessive noise, improper ventilation, unsanitary dining conditions); *see also Goka,* 862 F.2d at 651–52 (allegations of risk of violence by inmates); *Duckworth,* 780 F.2d at 652–53 (allegations of unsafe prison conditions constituting a fire hazard). The "deliberate indifference" standard, as it has come to be known, contemplates an inquiry into each corrections official's state of mind; liability is premised upon conduct by the officials that reflects an extreme or complete indifference to the welfare of the inmate or circumstances from which the officials' knowledge of the danger to the inmate can be inferred. *Duckworth,* 780 F.2d at 653 (officials' liability for failure to act related to the facts reasonably perceived by those officials); *Goka,* 862 F.2d at 650, 651–52 (officials' liability for conduct related to their awareness of the risk of danger); *see also Wilson,* 111 S.Ct. at 2326–27 (whether officials' behavior may be characterized as "wanton" depends upon the "constraints" facing the officials).

■ Having examined the allegations of the complaint in light of this legal standard, the court concludes that Mr. Smith has stated at least an arguable claim for relief under either the eighth or fourteenth amendment and 42 U.S.C. § 1983. The court is satisfied that the complaint, liberally construed, suggests that sheriff Artison may have been deliberately indifferent to the welfare of Mr. Smith in a matter offensive to the Constitution. Having been apprised that Mr. Smith faced imminent danger, sheriff Artison may well have run afoul of the Constitution if, in fact, he chose deliberately to ignore Mr. Smith's peril or to forgo precautionary measures.

Defendant Artison was (and is) the Milwaukee county sheriff and not a "corrections official." Perhaps it may later be established that sheriff Artison (the only named defendant) had neither the means nor the responsibility to look after Mr. Smith's welfare at the county jail. Nevertheless, for now, the court deems it necessary to call upon sheriff Artison to respond to the allegations of the complaint.

Therefore, IT IS ORDERED that Mr. Smith's petition for leave to proceed in forma pauperis be and hereby is granted.