Scott A. HEIMERMANN, Plaintiff,

v.

Gary McCAUGHTRY, Lynn Oestreich, Major J.C. Smith, and Captain Garro, Defendants.

Civ. A. No. 92–C–1097.

United States District Court, E.D. Wisconsin.

June 16, 1994.

Scott A. Heimermann, pro se.

Stephen J. Nicks, Asst. Atty. Gen., Madison, WI, for defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

On December 7, 1992, this court granted Scott A. Heimermann ("Heimermann"), an inmate at the Waupun Correctional Institution ("WCI"), leave to proceed in forma pauperis in this pro se prisoner civil rights action. Heimermann contends that the defendant correctional officers violated his Fourteenth Amendment due process rights and his rights under the Eighth Amendment. On April 8, 1993, Gary McCaughtry ("McCaughtry"), Lynn Oestreich ("Oestreich"), Major J.C. Smith ("Smith"), and Captain Garro ("Garro") moved this court for summary judgment. Heimermann responded on April 21, 1993. Heimermann has stipulated to the defendants' statement of the facts (See Pl.'s Resp. at 1), making this case ripe for summary judgment. For the reasons which follow, this court grants the defendants' summary judgment motion and dismisses Heimermann's case.

### FACTS

On August 7, 1992, Heimermann wrote a letter to "Security," which was received by Smith. (Knick Aff. Exs. D & E.) In the letter, Heimermann stated that another inmate had threatened Heimermann on July 7, 1992, and Heimermann requested a transfer to a different cell hall for safety reasons. (Id., Ex. D.) On August 10, 1992, Smith replied to the letter, stating that he would recommend a transfer to a different cell hall as soon as bed space permitted. (Id., Ex. E.)

The inmate who allegedly threatened Heimermann was in temporary lockup from July 13, 1992, until August 25, 1992. On August 27, 1992, Heimermann was transferred to a new cell hall, and on August 29, 1992, he was transferred to yet another hall. Heimermann does not claim that he was ever physically harmed by any inmate.

On August 29, 1992, Heimermann wrote another letter to Smith, complaining that Smith had not responded appropriately to his requests to be transferred between cell halls at WCI. (See Pl.'s Resp., Ex. A.) The language in the letter was deemed to be disrespectful and to contain threats of violence. Heimermann was thus placed in temporary lockup from August 31, 1992, to September 8, 1992. A disciplinary hearing on the complaint was conducted on September 22. The disciplinary committee listened to Heimermann's explanation, found his testimony "not credible," and did not agree that Heimermann's explanation excused his conduct in writing the August 29 letter. (Knick Aff., Ex. C.) The Committee also heard from two witnesses whom Heimermann had requested, and found their testimony to be "irrelevant." The Committee stated:

> [Heimermann's] problem is he didn't get what he wanted when he wanted. We find he intentionally:
>
> 1. threatened that lives were in danger if he was double celled.
>
> 2. disrespected Smith throughout the letter: harassed—[used terms like] lack of common sense—ignorance—rocket scientist, etc.
>
> Poor attitude. Very aware of committing the violation.

(Id.) Heimermann was found guilty of violating Wis.Admin.Code § DOC 303.16 (threats) and 303.25 (disrespect). He was given 3 days adjustment segregation and 90 days program segregation. Heimermann was in the adjustment center from Septem-

ber 22, 1992, to October 8, 1992, but after September 25, 1992, Heimermann's status was changed from "adjustment" to "status." He was returned to the general population on November 6, 1992, 61 days before the sentence imposed upon him was supposed to end. (Oestreich Aff. ¶¶ 6–7.)

## ANALYSIS

Heimermann now complains that his due process rights at the hearing were violated because he was not given the opportunity to explain why he wrote the August 29 letter, nor was he given the opportunity to cross-examine witnesses against him. This court also construes Heimermann's complaint as an Eighth Amendment claim of failure to protect him from the inmate who threatened him. The defendants have moved for summary judgment on both claims.

The court has jurisdiction over this 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1343.

*Fourteenth Amendment Due Process Claim*

■ The court finds, as a matter of law, that Heimermann's due process rights were not violated during the September 22, 1992 hearing. The committee listened to Heimermann's testimony, as evidenced by the report of the hearing. (Knick Aff., Ex. C.) Heimermann was allowed to present witnesses. (*Id.*) Further, the fact that Heimermann did not have the chance to cross-examine witnesses did not violate the due process clause, for there is no absolute right for prisoners to cross-examine witnesses at a prison due process hearing which does not involve parole revocation. *See Enomoto v. Cluchette,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *see also Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (in parole revocation hearing, prisoner has right to confront and cross-examine unless good cause for denying confrontation). The committee had sufficient evidence in the form of the letter which contained abusive and threatening language to find Heimermann guilty of threats and disrespect. Furthermore, Heimermann's sentence was actually reduced after the hearing. Heimermann's due process claim shall be dismissed on summary judgment.

*Eighth Amendment Claim*

■ An inmate has an Eighth Amendment right to be protected from harm by other prisoners. However, a prison official is not liable under the Eight Amendment for failure to prevent harm unless the inmate shows "that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison official was deliberately indifferent to this risk. *Farmer v. Brennan,* — U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Smith v. Artison,* 779 F.Supp. 113, 115 (E.D.Wis.1991).

■ Heimermann's claim fails, even if he were able to prove that he was under a serious risk of harm from the inmate who allegedly threatened him, because the prison officials responded reasonably to the risk, and Heimermann does not allege that any harm was ever done. "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer,* — U.S. at ——, 114 S.Ct. at 1983. Within two days of receiving Heimermann's first letter, Scott informed Heimermann that a cell hall switch would take place as soon as possible. Heimermann was in fact transferred to a different cell hall, although not the one which he wanted. The inmate who threatened Heimermann was in temporary lockup during all but two days of Heimermann's remaining time in the cell hall from which he requested a transfer. Heimermann has presented no evidence of deliberate indifference on the part of the WCI prison officials. Heimermann's Eighth Amendment claim shall be dismissed on summary judgment.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is GRANTED and this case is DISMISSED WITH PREJUDICE.