**Richard A. STREET,
Plaintiff, Appellant,**

v.

**George VOSE, etc., et al.,
Defendants, Appellees.**

No. 90–2088.

United States Court of Appeals,
First Circuit.

Submitted March 25, 1991.

Decided June 19, 1991.

Richard A. Street, on brief pro se.

Robert G. Brown, counsel, Dept. of Correction on brief for defendants, appellees.

Before BREYER, Chief Judge,
CAMPBELL and CYR, Circuit Judges.

PER CURIAM.

*Pro se* prisoner Richard Street appeals from the *sua sponte* dismissal of his civil rights complaint under 28 U.S.C. § 1915(d). The district court ruled that the complaint was frivolous because Street's claims were barred by M.G.L. c. 260 § 2A, the statute of limitations applicable to civil rights claims under *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For the reasons discussed below, we affirm.

The complaint named as defendants George Vose, former Commissioner of Corrections and Superintendent of the Massachusetts Correctional Institution (MCI) at Concord, and one Mrs. Mace, the mail room officer at MCI Concord. Street alleged that his Fourteenth Amendment right to due process was violated on July 7, 1981, when he was transferred from the Billerica House of Correction to the segregation unit at MCI Concord and thereafter unconstitutionally confined in segregation for eight months (July 1981 to March 1982) without the requisite approval of the Commissioner of the Department of Corrections (then, Michael Fair). Street further claimed that he was never given a hearing nor periodic review of his segregation status. In addition, Street alleged that while he was incarcerated at MCI Concord, Mrs. Mace, the mail officer, violated his First and Fourth Amendment rights by returning certain items of mail (*i.e.,* underwear, Christmas cards, and books) to their respective senders in December 1981 and February 1982.

*Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), established that a court may dismiss a complaint as frivolous *sua sponte* only if the complaint lacks an arguable basis in law or fact. In elaborating on this standard, the Court held that a complaint is subject to dismissal where it presents a claim based on an "indisputably meritless legal theory," e.g., a claim to which the defendant is obviously immune, or claims for the infringement of a nonexistent legal interest. *See* 490 U.S. at 327, 109 S.Ct. at 1832. We have not heretofore considered whether a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous under *Neitzke.* Authority indicates that such dismissals are acceptable. *See Clark v. Georgia Pardons and Paroles Board,* 915 F.2d 636, 640 n. 2 (11th Cir.1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous").[1] For the reasons discussed below, we hold dismissal under the statute of limitations was proper.

■ The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury actions under the law of the forum state. *Wilson v. Garcia,* 471 U.S. 261, 276–280, 105 S.Ct. 1938, 1947–1949, 85 L.Ed.2d 254 (1985). Where a state has more than one statute of limitations that applies to personal injury actions, a federal court should borrow the state's general or residual personal injury statute of limitations. *Owens v. Okure,* 488 U.S. at 249–250, 109 S.Ct. at 581–582. In Massachusetts, that statute is M.G.L. c. 260 § 2A, which provides, in relevant part, as follows:

> Except as otherwise provided, actions of tort, ... to recover for personal injuries, ... shall be commenced only within three years next after the cause of action accrues.[2]

---

1. *But see Prather v. Norman,* 901 F.2d 915, 919–920 and n. 8 (11th Cir.1990) (holding sua sponte dismissal of civil rights complaint was error, where complaint was treated as habeas corpus petition and dismissed on nonexhaustion grounds, although nonexhaustion was waivable defense and not jurisdictional).

2. This court has borrowed this statute previously in dismissing civil rights claims as time-barred. *See Kadar Corp. v. Milbury,* 549 F.2d 230, 234–235 (1st Cir.1977).

    In 1986, the Massachusetts legislature enacted a specific statute of limitations governing civil rights actions. Mass.G.L. c. 260 § 5B provides, Actions arising on account of violations of any law intended for the protection of civil

The question of when a cause of action accrued is a matter of federal law. *Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 41 n. 5 (1st Cir.1990). "The accrual period for a Section 1983 action begins when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Torres v. Superintendent of Police*, 893 F.2d 404, 407 (1st Cir.1990). As Street's transfer, detention in segregation, and mail losses were all completed by March 1982, all his claims accrued by then, and the limitation period expired in March 1985. Street filed his complaint in July 1990, more than five years after the statute of limitations expired. The complaint is time-barred unless, as Street argues, the limitations period is tolled by reason of Street's imprisonment or alleged mental incapacity.

*Board of Regents v. Tomanio*, 446 U.S. 478, 483–486, 100 S.Ct. 1790, 1794–1796, 64 L.Ed.2d 440 (1980), directs federal courts to borrow state tolling rules unless they are inconsistent with federal law. *See also Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Torres Ramirez v. Bermudez Garcia*, 898 F.2d 224, 229 n. 2 (1st Cir.1990). Presently, (and when the complaint was filed in July 1990), the Massachusetts tolling statute, Mass. G.L. c. 260, § 7, allows the limitations period to be tolled when a person is incapacitated by reason of mental illness when the right to bring an action first accrues.[3] In support of his tolling claim, Street relies on his history, which discloses that he has been described as suffering from schizophrenia, a sociopathic personality, and a severe character disorder. *See Commonwealth v. Street*, 388 Mass. 281, 446 N.E.2d 670, 671 (1983). Street also offers excerpts from recent (1990) Department of Correc-

tion classification and disciplinary reports which describe erratic behavior on his part in 1986 and an apparent suicide attempt in June 1990. At best, these documents show that Street has presented serious behavior management problems to the DOC. They do not, however, suggest an incapacitating mental condition during the time Street's cause of action accrued (1981–1982) or the three years thereafter. In addition, this court notes that Street's submissions in the instant appeal are logical, coherent and articulate. In no way do they suggest that Street lacked the capacity to pursue legal action to protect his legal rights. Accordingly, we discern no basis for tolling the statute of limitations due to Street's alleged mental incapacity.

Street also argues that the statute of limitations should be tolled because he is imprisoned and the former version of M.G.L. c. 260, § 7 included imprisonment as a condition that would toll the limitations period.[4] He says the amendment deleting imprisonment as a tolling condition is unconstitutional and should not apply to him. Under Massachusetts law, "[t]he general rule is that if a statute of limitations does not contain language clearly limiting its application to causes of action arising in the future, then it controls future procedure in reference to previously existing causes of action." *Anderson v. Phoenix Invest Counsel, Inc.*, 387 Mass. 444, 440 N.E.2d 1164, 1170 (1982). "If a statute of limitations restricts the time for enforcing such accrued rights, it is constitutional if there is a reasonable time after the enactment of the statute for enforcing these rights." *Id.* Massachusetts courts have held periods as short as thirty days to be reasonable in personal injury actions, *see, e.g., Mulvey v. Boston*, 197 Mass. 178, 83

---

rights, ... shall be commenced only within three years next after the cause of action accrues.

We need not decide whether this statute supersedes G.L. c. 260 § 2A in this case. As both statutes embody the same, three-year limitations period, they lead to the same result.

**3.** Massachusetts General Laws c. 260 § 7 provides:

If the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed.

**4.** Statutes 1987, c. 198 deleted the term "or imprisoned" from M.G.L. c. 260, § 7. This amendment was passed July 2, 1987, and took effect ninety days thereafter, on September 30, 1987.

N.E. 402 (1908), and we see no reason to hold the ninety day period in the Massachusetts tolling amendment unreasonable in this federal civil rights action. The Supreme Court has observed that, "... many prisoners are willing and able to file § 1983 suits while in custody thus, a State reasonably could decide that there is no need to enact a tolling statute applicable to such suits." *Hardin v. Straub,* 490 U.S. at 544, 109 S.Ct. at 2003. The Massachusetts legislature determined that imprisonment should no longer toll the statute of limitations when it enacted St.1987, c. 198. Its judgment was not inconsistent with federal policy, as expounded by the Supreme Court. Thus, we are bound to apply the present tolling provision.[5]

Judgment *affirmed.*

---

**5.** A note of caution is in order. As a state's tolling provisions will usually be borrowed with its statute of limitations in civil rights actions, district courts may wish to issue an order to show cause to a plaintiff whose complaint suggests that it is legally meritless because it is barred by the statute of limitations. This will give the plaintiff an opportunity to demonstrate whether the state's tolling provisions apply. Such judgments are best made in the first instance by the district court. Because Street has failed to make such a showing here, we affirm.