959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard A. STREET, Plaintiff, Appellant,
v.
Christopher CAMERON, et al., Defendants, Appellees.
 No. 91-2154.
 United States Court of Appeals,
First Circuit.
 April 2, 1992
 
 Richard A. Street on brief pro se.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Pro se plaintiff Richard Street appeals from a district court judgment that dismissed his 42 U.S.C. § 1983 complaint on the ground that it was barred by the statute of limitations and therefore frivolous within the meaning of 28 U.S.C. § 1915(d). We affirm. Street, an inmate presently incarcerated at the Massachusetts Correctional Institution (M.C.I.) at Cedar Junction, sued the Superintendent of M.C.I. Norfolk (where he was incarcerated in 1987) and three corrections officers who had found Street guilty of a disciplinary offense on November 3, 1987.[1] Street alleged that the three corrections officers violated his constitutional rights by issuing a guilty finding that was not supported by substantial evidence. The Superintendent allegedly violated Street's rights by affirming the disciplinary board's finding.
 
 
 2
 The district court determined that Street's cause of action accrued on November 3, 1987, when the disciplinary panel rendered its decision. The court ruled that Street's complaint, which was not filed until February 14, 1991, was time-barred under the three year statute of limitations which applies to federal civil rights actions brought in Massachusetts. See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992). The court dismissed Street's complaint sua sponte.
 
 II.
 
 3
 In Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992), we upheld the sua sponte dismissal of another civil rights complaint by this plaintiff which stated a claim that had expired under the statute of limitations. The instant appeal raises similar issues and compels a similar result. The district judge properly determined that Street's claims against the corrections officers accrued when they issued their decision. Thus, his claims became time-barred as of November 3, 1990.[2]
 
 
 4
 Street argues that the statute of limitations should be tolled because he is insane. Alternatively, he contends that the statute should be tolled because he is in prison. He argues that Massachusetts St. 1987 c. 198, which amended the Massachusetts tolling statute, M.G.L. c. 260, § 7, by deleting imprisonment as a condition that could toll the statute of limitations, is unconstitutional.[3]
 
 
 5
 We considered and rejected these arguments in connection with Street's previous appeal. See Street v. Vose, 936 F.2d at 40-41 (1st Cir. 1991). While the claim here accrued in 1987, and the claim there accrued in 1982, Street has not alleged any additional facts which suggest that he was incapacitated by mental illness in 1987. Accordingly, we agree that this action is barred by the statute of limitations and was properly dismissed.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The three corrections officers are Christopher Cameron, Donna Gratto and James Emerson. None of the defendants have been served with the complaint
 
 
 [2]
 While Street's administrative appeal to the Superintendent is dated November 11, 1987, it is not clear that the Superintendent issued his decision affirming the disciplinary board on that date. Nevertheless, as Street does not contend otherwise, we think it reasonable to conclude that this action occurred before February 14, 1988, (three years before Street filed his complaint). Therefore, this claim is also time-barred
 
 
 [3]
 Massachusetts G.L. c. 260, § 7 provides, "[i]f the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."