23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jimmy D. BATISTE, Plaintiff, Appellant,
v.
CITY OF Boston, ET AL., Defendants, Appellees.
 No. 93-2233
 United States Court of Appeals,
First Circuit.
 May 2, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Edward F. Harrington, U.S. District Judge ]
 Jimmy D. Batiste on brief pro se.
 Albert W. Wallis, Corporation Counsel, and Thomas C. Tretter, Assistant Corporation Counsel, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Jimmy Batiste appeals pro se from a district court order dismissing his complaint on the ground that it was barred by the applicable statute of limitations. For the reasons that follow, we affirm.
 
 I.
 
 2
 In December 1987, Batiste was arrested on charges of assault and battery with a dangerous weapon. In January 1989, following a jury-waived trial in Boston Municipal Court, he was convicted on one such count and was sentenced to a thirty-month prison term, with one year to be served and with probation to run through January 1991. The Massachusetts Appeals Court summarily affirmed his conviction, see Commonwealth v. Batiste, 30 Mass. App. Ct. 1113 (1991), and the Supreme Judicial Court thereafter denied further appellate review.
 
 
 3
 In September 1993, plaintiff filed the instant civil- rights action for damages under 42 U.S.C. Sec. 1983, naming as defendants the city of Boston, the mayor, the commissioner of police, and seven police officers (two of whom were identified only by badge number). He there alleged that defendants had concealed exculpatory information and had manufactured other evidence in order to effectuate his arrest and to secure his wrongful conviction at trial-all in violation of his rights to due process, equal protection, and a fair trial. More particularly, he charged (among other things) that defendants (1) suppressed a police report prepared by the officers who first arrived at the crime scene which stated that the victim had refused to identify her assailant, (2) fabricated a second police report purportedly obtained from the victim at the hospital which named Batiste as the assailant, and (3) testified falsely with regard to these facts both at the probable cause hearing and at trial.[1]
 
 
 4
 Prior to service on defendants, the district court reviewed the in forma pauperis complaint and dismissed it sua sponte as frivolous under 28 U.S.C. Sec. 1915(d). It concluded that the complaint, even when construed liberally, involved events that had transpired more than three years prior to the date of filing, with the result that the action was time- barred. Batiste now appeals.
 
 II.
 
 5
 "We have squarely held that 'a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous' under section 1915(d)." Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992) (quoting Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam), cert. denied, 112 S. Ct. 948 (1992)). At the same time, in light of the truncated procedures commonly attending a Sec. 1915(d) dismissal, we have cautioned that district courts should consider issuing an order to show cause in such circumstances in order to permit the plaintiff to demonstrate whether any tolling provisions might apply. See Street, 936 F.2d at 41 n. 5. No such opportunity was afforded Batiste here. As a result, his arguments on appeal-in which he sets forth several reasons why the limitations period should be extended-were neither raised nor addressed below. Nonetheless, a careful review of Batiste's appellate submissions, along with his complaint, permits us to conclude that his contentions are misplaced.
 
 
 6
 It is undisputed that the instant Sec. 1983 action is subject to the three-year limitations period prescribed by Mass. G.L. c. 260, Sec. 2A (along with any state tolling rules not at odds with federal law). See, e.g., Street, 936 F.2d at 39-40. It is likewise agreed that the question of when a cause of action accrues remains a matter of federal law. See, e.g., Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n. 5 (1st Cir. 1990). Batiste filed his complaint here on September 7, 1993-well over three years after the events of which he complains.[2] In an attempt to sidestep the limitations bar, he advances two contentions: (1) that his wrongful conviction and incarceration constituted a continuing wrong which persisted through the end of his probation on January 9, 1991, with the result that his cause of action did not accrue until that date; and (2) that the limitations period should be extended because defendants concealed relevant information. Neither argument proves persuasive.
 
 
 7
 As to the former, we need not decide the extent to which the "continuing violation" doctrine-an equitable principle most often invoked in the Title VII context, see, e.g., Johnson, 943 F.2d at 107-08-might apply to Sec. 1983 claims. See generally Hunt v. Bennett, F.3d , 1994 WL 47751, at * 2 (10th Cir. 1994). Even if this principle were otherwise applicable, Batiste's argument overlooks "the 'critical distinction' between a continuing act and a singular act that brings continuing consequences" for purposes of the limitations period. Gilbert v. City of Cambridge, 932 F.2d 51, 58-59 (1st Cir.), cert. denied, 112 S. Ct. 192 (1991) (quoted in Johnson, 943 F.2d at 108). It has been specifically held that, where an individual alleges to have been wrongfully incarcerated because of false arrest or some other tortious activity, such incarceration constitutes a continuing ill effect from the earlier misconduct rather than a continuing tort in and of itself. See, e.g., McCune v. City of Grand Rapids, 842 F.2d 903, 906 (6th Cir. 1988); Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982); cf. Street, 936 F.2d at 40-41 & n. 4 (noting that, under a 1987 Massachusetts statute, imprisonment no longer tolls the statute of limitations-a legislative judgment "not inconsistent with federal policy").
 
 
 8
 Batiste's second argument rests on firmer legal ground but is devoid of factual support. He is correct that the accrual period in a Sec. 1983 case does not start until "the plaintiff knows, or has reason to know, of the injury on which the action is based." Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992); accord, e.g., Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990). He is likewise correct that the limitations period may be equitably tolled where a plaintiff "can show 'excusable ignorance' of the statute of limitations caused by some misconduct of the defendant[s]." Id. at 407; accord, e.g., Puritan Med. Center, Inc. v. Cashman, 413 Mass. 167, 175 (1992) (applying Mass. G.L. c. 260, Sec. 12); Cherella v. Phoenix Technologies Ltd., 32 Mass. App. Ct. 919, 920 (1992) (tolling may apply where defendant "encourages or cajoles the potential plaintiff into inaction"). Yet Batiste has made no factual allegations that would warrant extending the limitations period. He complains in this regard only that the police department refused to divulge the names of the officers responding to the crime scene. See Brief at 10; Reply Brief at 4-6. He acknowledges, however, that by the time of his trial in January 1989, he knew that he had been arrested "without a warrant" and that defendants had "misrepresented and concealed material facts actually known to them to a state court judge." Brief at 9; accord Reply Brief at 4, 6 n. 1.
 
 
 9
 Such knowledge was sufficient to trigger the running of the limitations period.[3] See, e.g., Compton v. Ide, 732 F.2d 1429, 1433 (9th Cir. 1984) ("When a plaintiff has notice of wrongful conduct, it is not necessary that he have knowledge of all the details or all of the persons involved in order for his cause of action to accrue."); Messere v. Murphy, 32 Mass. App. Ct. 917, 918 (1992) (in civil rights action in which plaintiff complained that defendants had conspired to conceal evidence, give false testimony and intimidate witnesses, "plaintiff's criminal trial, conviction, and incarceration certainly were events likely to put him on notice of the alleged wrongs") (internal quotation omitted). Similarly, Batiste's allegations provide no plausible basis for invoking the equitable tolling doctrine. The police department, simply because of its alleged refusal to identify certain officers, cannot be said to have "actively misle[d]" Batiste in any fashion. Torres, 893 F.2d at 407. "In short, there was no detrimental reliance...." Rivera-Gomez v. de Castro, 900 F.2d 1, 3 (1st Cir. 1990).
 
 
 10
 Affirmed.
 
 
 
 [1]
 The record before us does not reveal the extent to which any other evidence of Batiste's guilt-apart from such allegedly falsified reports and testimony-was presented at trial; it is unclear, for example, whether the victim testified. It is likewise unclear to what extent Batiste raised such allegations of police misconduct in the state courts. He states only that his attorney was aware of defendants' misconduct but refused to challenge it, that he (Batiste) complained of their actions in a pro se brief separately filed on appeal, and that the Massachusetts Appeals Court failed to address the issue
 
 
 [2]
 As mentioned, his arrest occurred in December 1987 and his three-day trial took place in January 1989
 
 
 [3]
 On the other hand, to the extent Batiste's complaint is construed as setting forth a Sec. 1983 claim for malicious prosecution, his action is arguably premature. It has been held that such a claim does not accrue until the underlying criminal proceedings have terminated in favor of the accused (which is an element of the offense of malicious prosecution at common law). See, e.g., Brummett v. Camble, 946 F.2d 1178, 1183-84 (5th Cir. 1991), cert. denied, 112 S. Ct. 2323 (1992). The criminal proceedings here, of course, have not terminated in Batiste's favor. We need not now decide whether, in the event such a development were to occur, he might then be able to advance a claim for malicious prosecution