November 1, 1995
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 95-1060 

CHRISTOPHER TURNER,

Plaintiff, Appellant,

v.

MCCARTHY PAYNE, ET AL.,

Defendants, Appellees.



ERRATA SHEET

The opinion of this court issued on October 31, 1995 is amended
as follows:

On page 3, line 5 from bottom, delete "Aside from the fact that".

October 31, 1995 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 95-1060 

CHRISTOPHER TURNER,

Plaintiff, Appellant,

v.

MCCARTHY PAYNE, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael Ponsor, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Selya and Boudin, Circuit Judges. 



Christopher Turner on brief pro se. 
Scott Harshbarger, Attorney General, and William J. Meade, 
Assistant Attorney General, on brief for appellees.





Per Curiam. Christopher Turner, a Massachusetts 

prisoner, appeals pro se the dismissal of his complaint under

42 U.S.C. 1983. We affirm.

Turner's complaint was filed on February 28, 1994.

Named as defendants were (1) two Assistant District Attorneys

who had prosecuted charges against Turner stemming from an

arrest in June 1990 while Turner was on parole, (2) three

Massachusetts parole officers who later brought him in on a

parole violation warrant related to that arrest, and (3) the

Chairperson of the Massachusetts Parole Board. The charges

underlying the June 1990 arrest were dismissed with prejudice

on September 19, 1990. The essence of the complaint's

allegations is that use of those dismissed charges resulted

in Turner's parole revocation and deprived him of due process

of law in violation of the Fourteenth Amendment.

The district court found that the lawsuit was filed

beyond the statute of limitations and was time-barred. The

applicable statute of limitations for 1983 actions arising

in Massachusetts requires that such claims be brought within

three years. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 

1991); Mass. Gen. L. ch. 260, 2A. Turner does not dispute

that three years is the correct limitations period. Rather,

Turner argues that, for various reasons, the applicable

period in which to sue should be suspended. 

-3-

First, Turner claims that his status as a prisoner

prevented a timely filing of his complaint. However, the

Massachusetts tolling statute, Mass. Gen. L. ch. 260, 7,

deleted imprisonment as a tolling condition in 1987.1 Id. 

at 40-41 & n.4. In addition, assuming that Turner's claim

accrued between June 14, 1990, when he was arrested, and

September 19, 1990, when those charges were dismissed, Turner

has not been continuously incarcerated since then. Turner's

filings indicate that after the charges were dropped in

September 1990, he was released on parole in December 1990,

and remained on supervised release until September 1991, when

his parole was revoked.

Second, Turner contends that he was unaware of the

pertinent limitations period because of the allegedly

inadequate law library and legal assistance available at the

Disciplinary Department Unit at M.C.I. Cedar Junction, the

restricted unit where he was confined for over two years.

Turner appears to claim that such conditions of confinement

were a legal disability sufficient to toll the running of the

three year limitations period. While equitable tolling has

 

1. To the extent that Turner contends that the limitations
period should be tolled under Mass. Gen. L. ch. 260, 7
because of mental incompetence, that claim was not before the
district court and no basis for such a claim appears in the
record. In the same vein, Turner's reliance on Wheatley v. 
AT & T Co., 418 Mass. 394, 636 N.E. 2d 265 (1994), is 
misplaced. Wheatley held that an equivocal employment 
termination notice did not trigger the running of the statute
of limitations. 

-4-

been applied in 1983 cases, see, e.g., Lown v. Brimeyer, 

956 F.2d 780, 782 (8th Cir.), cert. denied, 113 S. Ct. 176 

(1992); Smith v. Chicago Heights, 951 F.2d 834, 839 (7th Cir. 

1992), the application of the doctrine is inappropriate here.

Turner states that after his return to prison he consulted

with two attorneys, and, moreover, does not allege that his

access to the prison law library was denied or restricted at

anytime or that it did not contain the basic tools for legal

research. See Wilson v. Geisen, 956 F.2d 738, 742 (7th Cir. 

1992). In short, Turner failed to show that despite his

diligence, he could not obtain the information needed to file

his complaint on time. See Cada v. Baxter Healthcare Corp., 

920 F.2d 446, 451-52 (7th Cir. 1990), cert. denied, 501 U.S. 

1261 (1991).

Since Turner's claims--based on events that occurred in

1990--accrued more than three years prior to the filing of

this complaint in February 1994, they were properly dismissed

by the district court as time-barred.

Accordingly, the judgment of the district court is

affirmed. The defendants' motion to dismiss the appeal as 

untimely is denied as moot. 

-5-