Raineri v. Donovan, et al.          CV-95-483-M   04/17/97
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Bruce T. Raineri; and
Brian J. Raineri, Sr.,
          Plaintiffs

     v.                                    Civil No. 95-483-M

Patricia Donovan, Former Superintendent
     of Rockingham County Jail;
Michael J. Cunningham;
Alan Stein, M.D.; and
James O'Mara, Superintendent of
     Hillsborough County
     Department of Corrections,
          Defendants


                         **O R D E R**


     Pro se plaintiffs are federal prisoners who assert claims

under 42 U.S.C. § 1983 against various defendants arising from

defendants' alleged deliberate indifference to their serious

medical needs while they were in state custody.  Plaintiffs

allege that when they were transferred to New Hampshire on April

21, 1992 (to Hillsborough County Jail), they informed their state

jailors and jail medical personnel of their respective drug

addictions and prior methadone treatment, yet, despite their

requests for medical treatment for drug withdrawal, such

treatment was denied.  By the end of June 1992, plaintiffs allege

that they had been incarcerated at each facility relevant to this

suit and that at each they were denied medical treatment for drug

withdrawal, despite informing jail officials of their serious

medical needs and requesting appropriate treatment.  At each

facility, plaintiffs allege, they were told that they could not or would not be treated for drug withdrawal.

All four named defendants have moved either to dismiss the amended complaint or for summary judgment[1] on identical grounds — that plaintiffs' action is barred by the applicable statute of limitations. Plaintiffs have been given a full opportunity to respond to the pending dispositive motions and, particularly, to allege or point to facts or circumstances that might avert dismissal based on expiration of the limitations period. For example, plaintiffs were specifically cautioned by the Magistrate Judge (Order, January 8, 1997) that "now is the time to come forward with all their evidence relative to when they first learned that their injuries were caused by the acts or omissions of the defendants." The Magistrate Judge set February 21, 1997, as the deadline for responding to the pending dispositive motions. Plaintiffs have responded.[2]

---

[1] The summary judgment motions are treated as motions to dismiss based on the allegations in the complaint, though plaintiffs' responses have been examined to determine whether any facts they could point to, or reasonably assert, might present a valid triable issue relative to the invoked limitations bar. See Fed. R. Civ. P. 12(b). Accordingly, the court accepts "all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff[s'] favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

[2] Plaintiffs sought to avoid responding to the dispositive motions, under Fed. R. Civ. P. 56(f), claiming that they could only properly respond after extensive discovery was permitted. That motion (document no. 56) was denied since the only critical allegations and/or facts relate to whether the "discovery rule," or the accrual of their cause of action, tolls running of the limitations period, and that issue turns on information entirely known to plaintiffs. Plaintiffs also did not show how the general information they sought in discovery would be relevant to

2

## Discussion

Defendants all join in pointing out, correctly, that because no federal statute of limitations specifically applies to constitutional tort actions brought under 42 U.S.C. § 1983, federal courts "borrow" the state limitations period applicable to personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 276-280 (1985); Street v. Vose, 936 F.2d 38 (1st Cir. 1991). In this case, the applicable limitations period is found in New Hampshire Revised Statutes Annotated ("RSA") § 508:4, I, which establishes a three year limitations period for personal actions.

The plaintiffs' original complaint, dated September 10, 1995, was apparently mailed September 28, 1995,[3] and was docketed by the court on October 5, 1995. Based on the earliest possible "filing date" (September 10, 1995), the three-year limitations period extended back to September 10, 1992. If the plaintiffs' cause of action accrued prior to that date, it is time barred. Based on the plaintiffs' allegations, with all reasonable

---

the pending limitations issue, and they did not relate any facts they hoped to develop that would generate a trial worthy issue. See e.g. Reid v. State of N.H., 56 F.3d 332, 342 (1st Cir. 1995); Murphy v. Timberlane Regional School Dist., 22 F.3d 1186, 1197 (1st Cir. 1994). And, in any case, plaintiffs' complaint is assessed under the Rule 12(b)(6) dismissal standard, rather than the summary judgment standard, eliminating the plaintiffs' obligation to present evidentiary support for their factual allegations.

[3] Plaintiffs are entitled to the "mail rule" for filing purposes since they were incarcerated at the time. Thus, the complaint was "filed" as of the time it was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 275 (1988); Oliver v. Comm'r of Massachusetts Dep't of Corrections, 30 F.3d 270, 272 (1st Cir. 1994).

3

inferences drawn in their favor, as the applicable standard requires, it is apparent that between April and June of 1992 they suffered drug withdrawal injuries due to defendants' alleged failure to provide requested medication or other medical treatment. Accordingly, the plaintiffs claims are time barred unless they can show that those causes of action accrued at a later time, within the three-year period preceding the filing of their complaint.

Although federal courts borrow the limitation period from state law in § 1983 cases, federal common law provides the standard for determining when a § 1983 cause of action accrues. Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). Under federal law, a plaintiff's § 1983 cause of action accrues, and the borrowed limitations period begins to run, when the plaintiff knows, or has reason to know, of the injury on which the action is based. McIntosh v. Antonino, 71 F.3d 29, 34 (1st Cir. 1995). Therefore, to avoid the limitations bar in this case, plaintiffs must allege facts which show that before September 10, 1992, they neither knew, nor had reason to know, of the injuries caused by defendants' requiring them to withdraw from drug addiction without proper medical treatment.

As defendants point out, plaintiffs' amended complaint (and their other pleadings) demonstrate that plaintiffs knew (or certainly had good reason to know) of their drug withdrawal injuries, and defendants' alleged causal acts or omissions (i.e. their alleged refusal to provide withdrawal therapy despite

4

demand), as soon as the requested treatment was refused and they experienced withdrawal symptoms. Indeed, even plaintiffs say they complained continuously, from the time they were taken into state custody, about the defendants' alleged refusal to provide adequate medical care related to their impending (and presumably ongoing) withdrawal from addictive drugs. They allege in substance that their medical needs were serious, that they made their needs known, that those needs were ignored by defendants despite their complaints and requests, and that as a result they contemporaneously suffered the very physical harm they expected to suffer, including contemporaneous hospitalizations for what they allege were medical conditions or injuries directly attributable to defendants' failure to provide necessary medical care related to their drug withdrawal. See e.g. Amended Complaint (document no. 12), ¶¶ 24, 28, 29, 31, 32.

Plaintiffs cannot seriously argue that they did not link, or have reason to link, their pain and suffering from drug withdrawal to the defendants' alleged refusal to provide medical treatment for that very problem, as of the time the withdrawal and attendant injuries were actually experienced.[4]

---

[4] In his "Consolidated Motion of Objection to Defendant's Motion for Dismissal and/or Summary Judgment" (document no. 68) Plaintiff Bruce Raineri alludes to a current or recent medical problem involving dysfunction and surgical removal of his gallbladder, and a possible causal relationship between that injury and defendants' alleged denial of drug withdrawal treatment back in 1992. That gallbladder injury, and a causal connection, is not pled in the Amended Complaint (document no. 12) or referenced in the "Amendment to Complaint" (document no. 38), but gallbladder dysfunction is referenced in the original complaint at paragraphs 17 and 18 ("Bruce Raineri also complained

Plaintiffs' amended complaint and other pleadings allege facts showing unequivocally that by the end of June, 1992, they knew, or had reason to know, that they had been injured as a result of each of the defendants' alleged deliberate indifference to their serious medical needs. Accepting their pleadings as true, they also suffered injuries of a sufficiently serious nature to fairly apprise them that an actionable violation of their rights had occurred. The plaintiffs' complaint and amended complaint fully detail what they thought were their causal injuries, including substantial physical and mental suffering associated with drug withdrawal and various hospitalizations. Whether all of their claimed medical problems were actually serious and actually related to the absence of appropriate withdrawal therapy is not critical for this analysis; that

_____

of gallbladder dysfunction [in June, 1992]." "On or about June 22, 1992, plaintiffs . . . again made medical personnel aware of . . . Bruce Raineri's gallbladder dysfunction.") It is apparent that to the extent defendants were "deliberately indifferent" to Bruce Raineri's serious medical needs relative to gallbladder dysfunction in June of 1992, he knew of his claim and injury then, so those claims are time barred. To the extent his allusion to gallbladder dysfunction and surgical removal in the "Consolidated Objection" (document no. 68) is intended to describe a new or different dysfunction, whose causal relationship to defendant's alleged denial of medical care in 1992 was only recently discovered and discoverable, that claim might well be of the type that ordinarily would be barred by the rule against claim splitting. See e.g., Marrapese v. State of Rhode Island, 749 F.2d 934 (1st Cir. 1984)(discussing the principles and illustrative cases). But whether such a claim, if it is a separate claim, would or would not be time-barred under federal accrual jurisprudence is not before this court in this case, and the court makes no ruling on that issue since the complaint, as amended, asserts no cause of action for an independent alleged injury, and asserts only claims for injuries related to plaintiffs' unmedicated drug withdrawal in 1992.

6

plaintiffs thought they were serious and related is critical, however, in determining when the limitations period started to run. The period began running, at the latest, at the end of June 1992, so plaintiffs had to bring suit, at the latest, within three years, or, before July 1, 1995. They did not, and their claims are barred by the applicable statute of limitations.

## Conclusion

Plaintiffs' amended complaint asserting causes of action under 42 U.S.C. § 1983, based upon defendants' alleged deliberate indifference to their serious medical needs while incarcerated in 1992, and the drug withdrawal injuries they experienced as a result, is hereby dismissed as time-barred. Defendants' motions to dismiss and for summary judgment (treated as motions to dismiss) on statute of limitations grounds are hereby granted (document nos. 35, 42, 43, and 44). The clerk will close this case.

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

April 17, 1997

cc:  Bruce T. Raineri, pro se
     Brian T. Raineri, Sr., pro se
     Carolyn M. Kirby, Esq.
     Peter A. Meyer, Esq.
     Suzanne M. Gorman, Esq.
     Mark H. Gardner, Esq.