[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2300

 BARBARA F. GREEN AND STANLEY R. GREEN,

 Plaintiffs, Appellants,

 v.

 TOWN OF BROOKLINE,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges. 

 

Barbara F. Green and Stanley R. Green on brief pro se. 
Joslin Ham Murphy on brief for appellee. 

 

 April 17, 1997
 

 Per Curiam. Appellants Barbara F. and Stanley R. 

Green filed a complaint in the Massachusetts district court.

The complaint challenges the treatment Mrs. Green received at

the hands of her employer, the Town of Brookline, and cites

two bases of jurisdiction: (1) 42 U.S.C. 1983; and (2)

Title VII, 42 U.S.C. 2000e-3 and 2000e-5. The district

court dismissed the complaint due to the expiration of the

statute of limitations. We affirm.

 1. We agree with the district court that

appellants' 1983 claims are time-barred. "Local law

determines the limitations period for section 1983 claims."

Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 

748 (1st Cir. 1994). We thus look to the three-year

Massachusetts statute of limitations for personal injury

actions. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) 

(per curiam) (citing M.G.L.c. 260, 2A). When the cause of

action accrued, however, is a federal question. Id. at 40. 

In a case such as this, "the statute of limitations begins to

run when the plaintiff learns of the decision to terminate

[her] employment. . . ." Rivera-Muriente v. Agosto-Alicea, 

959 F.2d 349, 353 (1st Cir. 1992).

 Mrs. Green learned that the Town had decided to

terminate her on December 10, 1986. This lawsuit, filed over

nine years after this date, plainly is late. The same

conclusion results even if we consider the Town's threats to

 -2-

use certain notes in evidence in the workers' compensation

case. According to the complaint, these threats were first

made in 1990. Because this is about six years prior to the

initiation of the instant action, the complaint also is time-

barred in relation to these later charges.

 Finally, appellants present no reason to toll the

running of the limitations period. Even assuming that the

attorney for the Town coerced Mrs. Green into dismissing her

court case appealing the decision of the Civil Service

Commission, this occurred in 1988. There simply are no

factual allegations that the Town or anyone acting on its

behalf did anything to prevent appellants from filing the

present lawsuit. See Pahlavi v. Palandjian, 809 F.2d 938, 

942-43 (1st Cir. 1987) (in the absence of specific factual

allegations, a plaintiff cannot claim that duress tolls the

statute of limitations).

 2. Title VII has two deadlines which are in issue

in this case. First, an individual in a state such as

Massachusetts -- a "deferral" state with its own civil rights

law and agency -- must file a complaint with the Equal

Employment Opportunity Commission (EEOC) within 300 days

after the "alleged unlawful employment practice occurred."

42 U.S.C. 2000e-5(e). See also Lawton v. State Mut. Life 

Assurance Co., 101 F.3d 218, 221 (1st Cir. 1996). Second, 

the individual must file an action in the district court

 -3-

within 90 days of receiving a right to sue letter from the

EEOC. 42 U.S.C. 2000e-5(f).

 "In actions brought under Title VII . . . a

plaintiff must plead affirmatively performance of the

conditions precedent to filing a lawsuit." 2A J. Moore,

Moore's Federal Practice 9.04, at 9-65 (2d ed. 1996) 

(footnote omitted); Jackson v. Seaboard Coast Line R.R. Co., 

678 F.2d 992, 1010 (11th Cir. 1982). Under Fed. R. Civ. P.

9, which governs the pleading of special matters, "it is

sufficient to aver generally that all conditions precedent

have been performed or have occurred." Fed. R. Civ. P. 9(c).

 However, our review of the record reveals that

plaintiffs never met their burden of alleging general 

compliance with Title VII's filing requirements. That is,

they never stated in their complaint, in their responses to

the Town's motion to dismiss, or even in their briefs on

appeal, that they filed an EEOC charge concerning retaliation

within 300 days of Mrs. Green's termination and that they

filed the federal complaint within 90 days of receiving a

right to sue letter. Further, the record does not contain

any documents from which such inferences can be drawn.

 The judgment of the district court is affirmed. 

 -4-