USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2300 BARBARA F. GREEN AND STANLEY R. GREEN, Plaintiffs, Appellants, v. TOWN OF BROOKLINE, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Barbara F. Green and Stanley R. Green on brief pro se. ________________ ________________ Joslin Ham Murphy on brief for appellee. _________________ ____________________ April 17, 1997 ____________________ Per Curiam. Appellants Barbara F. and Stanley R. __________ Green filed a complaint in the Massachusetts district court. The complaint challenges the treatment Mrs. Green received at the hands of her employer, the Town of Brookline, and cites two bases of jurisdiction: (1) 42 U.S.C. 1983; and (2) Title VII, 42 U.S.C. 2000e-3 and 2000e-5. The district court dismissed the complaint due to the expiration of the statute of limitations. We affirm. 1. We agree with the district court that appellants' 1983 claims are time-barred. "Local law determines the limitations period for section 1983 claims." Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, ______ ____________________________________ 748 (1st Cir. 1994). We thus look to the three-year Massachusetts statute of limitations for personal injury actions. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) ______ ____ (per curiam) (citing M.G.L.c. 260, 2A). When the cause of action accrued, however, is a federal question. Id. at 40. ___ In a case such as this, "the statute of limitations begins to run when the plaintiff learns of the decision to terminate [her] employment. . . ." Rivera-Muriente v. Agosto-Alicea, _______________ _____________ 959 F.2d 349, 353 (1st Cir. 1992). Mrs. Green learned that the Town had decided to terminate her on December 10, 1986. This lawsuit, filed over nine years after this date, plainly is late. The same conclusion results even if we consider the Town's threats to -2- use certain notes in evidence in the workers' compensation case. According to the complaint, these threats were first made in 1990. Because this is about six years prior to the initiation of the instant action, the complaint also is time- barred in relation to these later charges. Finally, appellants present no reason to toll the running of the limitations period. Even assuming that the attorney for the Town coerced Mrs. Green into dismissing her court case appealing the decision of the Civil Service Commission, this occurred in 1988. There simply are no factual allegations that the Town or anyone acting on its behalf did anything to prevent appellants from filing the present lawsuit. See Pahlavi v. Palandjian, 809 F.2d 938, ___ _______ __________ 942-43 (1st Cir. 1987) (in the absence of specific factual allegations, a plaintiff cannot claim that duress tolls the statute of limitations). 2. Title VII has two deadlines which are in issue in this case. First, an individual in a state such as Massachusetts -- a "deferral" state with its own civil rights law and agency -- must file a complaint with the Equal Employment Opportunity Commission (EEOC) within 300 days after the "alleged unlawful employment practice occurred." 42 U.S.C. 2000e-5(e). See also Lawton v. State Mut. Life ___ ____ ______ _______________ Assurance Co., 101 F.3d 218, 221 (1st Cir. 1996). Second, ______________ the individual must file an action in the district court -3- within 90 days of receiving a right to sue letter from the EEOC. 42 U.S.C. 2000e-5(f). "In actions brought under Title VII . . . a plaintiff must plead affirmatively performance of the conditions precedent to filing a lawsuit." 2A J. Moore, Moore's Federal Practice 9.04, at 9-65 (2d ed. 1996) _________________________ (footnote omitted); Jackson v. Seaboard Coast Line R.R. Co., _______ ____________________________ 678 F.2d 992, 1010 (11th Cir. 1982). Under Fed. R. Civ. P. 9, which governs the pleading of special matters, "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fed. R. Civ. P. 9(c). However, our review of the record reveals that plaintiffs never met their burden of alleging general _____ compliance with Title VII's filing requirements. That is, they never stated in their complaint, in their responses to the Town's motion to dismiss, or even in their briefs on appeal, that they filed an EEOC charge concerning retaliation within 300 days of Mrs. Green's termination and that they filed the federal complaint within 90 days of receiving a right to sue letter. Further, the record does not contain any documents from which such inferences can be drawn. The judgment of the district court is affirmed. ________ -4-