[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1978

 KATHLEEN WALCZAK,

 Plaintiff, Appellant,

 v.

 MASSACHUSETTS STATE RETIREMENT BOARD,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Richard Stearns, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

Kathleen Walczak on brief pro se. 

 

  FEBRUARY 25, 1998
 

 Per Curiam. We have carefully reviewed the record, 

appellant's brief, and the appendices, and agree with the

district court that the complaint is legally frivolous under

28 U.S.C. 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 

U.S. 319, 327-28 (1989) (a legally frivolous complaint is one

which is based on "an indisputably meritless legal theory").

The judgment of that court is therefore affirmed for the

reason stated by the court in its Memorandum, dated June 2,

1997. We add that the following claims also are legally

frivolous.

 1. As with the complaint, appellant's claim under

the Americans with Disabilities Act ("ADA"), 42 U.S.C. 

12131 et seq., is "inextricably intertwined" with the state

court judgments regarding the denial of her application for

accidental disability retirement benefits. That is,

entertaining the claim would require a lower federal court to

review the state court judgments. This is prohibited under

the Rooker-Feldman doctrine. See District of Columbia Court 

of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. 

Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). 

 2. Even if appellant's Title VII claim were

amended to name the proper defendant, it still would be

legally frivolous. That is, nowhere in her response to the

order to show cause, in her brief filed in this court, or in

her state brief is there any indication that anyone at the

 -2-

Commission discriminated against her on the basis of race,

color, religion, gender, or national origin -- the practices

outlawed by Title VII. See 42 U.S.C. 2000e-2(a). Indeed, 

what does appear clearly from appellant's pleadings is that

her former supervisors had conflicts with appellant and that,

at least in appellant's view, these conflicts were due to the

resentment of one of the supervisors over the hiring of

appellant as a counselor before that supervisor was hired as

one. Personnel actions motivated by personality conflicts or

cronyism do not violate Title VII. See DeNovellis v. 

Shalala, 124 F.3d 298, 306 (1st Cir. 1997). 

 3. To the extent that appellant is asserting,

under 42 U.S.C. 1983, that the discrimination she endured

while employed at the Commission violated her constitutional

rights, her cause of action is barred by the three-year

statute of limitations. See Street v. Vose, 936 F.2d 38, 39 

(1st Cir. 1991) (per curiam) (the Massachusetts three-year

statute of limitations applies to 1983 actions, citing

M.G.L.c. 260, 2A). Appellant's claim accrued, at the

latest, in August 1987, when she became disabled by the

discrimination and quit work. See id. at 40 (the limitations 

period begins to run when a plaintiff "knows or has reason to

know of the injury which is the basis of the action")

(internal quotation marks and citation omitted). Thus, any 

1983 action challenging what happened during appellant's

 -3-

tenure at the Commission should have been filed by August

1990 in order to be considered timely.

 4. Finally, in her response to the order to show

cause why the complaint should not be dismissed, appellant

made conclusory allegations that the discrimination

"continued" after she left the Commission and still is

ongoing. Appellant, however, nowhere identified anyone

responsible for this harassment. Where a complaint fails to

name the individual defendants by name the complaint should

not be dismissed as frivolous "if the allegations in the 

complaint allow for the specific persons to be subsequently 

identified with reasonable certainty." Smith-Bey v. Hospital 

Adm'r, 841 F.2d 751, 759 (7th Cir. 1988) (emphasis added). 

Because the allegations in the response are far too

conclusory to permit identification of any particular

defendants with any certainty, the dismissal was not an abuse

of discretion. See id. at 758 (a court is not required to 

"invent factual scenarios that cannot be reasonably inferred

from the pleadings"). See also Macias v. Raul A., 23 F.3d 

94, 96-97 (5th Cir. 1994) (where a court would be required to

go beyond the allegations in a complaint and speculate that 

an in forma pauperis plaintiff might be able to make a 

nonfrivolous claim if he or she were given a second chance to

amend, the court may dismiss the complaint as frivolous).

 -4-

 The judgment of the district court is affirmed, 

except to the extent that the judgment shall state that the

dismissal is "without prejudice." 

 -5-