USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1978 KATHLEEN WALCZAK, Plaintiff, Appellant, v. MASSACHUSETTS STATE RETIREMENT BOARD, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard Stearns, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Kathleen Walczak on brief pro se. ________________ ____________________  FEBRUARY 25, 1998 ____________________ Per Curiam. We have carefully reviewed the record, __________ appellant's brief, and the appendices, and agree with the district court that the complaint is legally frivolous under 28 U.S.C. 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 ___ _______ ________ U.S. 319, 327-28 (1989) (a legally frivolous complaint is one which is based on "an indisputably meritless legal theory"). The judgment of that court is therefore affirmed for the reason stated by the court in its Memorandum, dated June 2, 1997. We add that the following claims also are legally frivolous. 1. As with the complaint, appellant's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C.  12131 et seq., is "inextricably intertwined" with the state court judgments regarding the denial of her application for accidental disability retirement benefits. That is, entertaining the claim would require a lower federal court to review the state court judgments. This is prohibited under the Rooker-Feldman doctrine. See District of Columbia Court ______________ ___ __________________________ of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. __________ _______ ______ Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). __________________ 2. Even if appellant's Title VII claim were amended to name the proper defendant, it still would be legally frivolous. That is, nowhere in her response to the order to show cause, in her brief filed in this court, or in her state brief is there any indication that anyone at the -2- Commission discriminated against her on the basis of race, color, religion, gender, or national origin -- the practices outlawed by Title VII. See 42 U.S.C. 2000e-2(a). Indeed, ___ what does appear clearly from appellant's pleadings is that her former supervisors had conflicts with appellant and that, at least in appellant's view, these conflicts were due to the resentment of one of the supervisors over the hiring of appellant as a counselor before that supervisor was hired as one. Personnel actions motivated by personality conflicts or cronyism do not violate Title VII. See DeNovellis v. ___ __________ Shalala, 124 F.3d 298, 306 (1st Cir. 1997). _______ 3. To the extent that appellant is asserting, under 42 U.S.C. 1983, that the discrimination she endured while employed at the Commission violated her constitutional rights, her cause of action is barred by the three-year statute of limitations. See Street v. Vose, 936 F.2d 38, 39 ___ ______ ____ (1st Cir. 1991) (per curiam) (the Massachusetts three-year statute of limitations applies to 1983 actions, citing M.G.L.c. 260, 2A). Appellant's claim accrued, at the latest, in August 1987, when she became disabled by the discrimination and quit work. See id. at 40 (the limitations ___ ___ period begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of the action") (internal quotation marks and citation omitted). Thus, any  1983 action challenging what happened during appellant's -3- tenure at the Commission should have been filed by August 1990 in order to be considered timely. 4. Finally, in her response to the order to show cause why the complaint should not be dismissed, appellant made conclusory allegations that the discrimination "continued" after she left the Commission and still is ongoing. Appellant, however, nowhere identified anyone responsible for this harassment. Where a complaint fails to name the individual defendants by name the complaint should not be dismissed as frivolous "if the allegations in the ___________________________ complaint allow for the specific persons to be subsequently _____________________________________________________________ identified with reasonable certainty." Smith-Bey v. Hospital ____________________________________ _________ ________ Adm'r, 841 F.2d 751, 759 (7th Cir. 1988) (emphasis added). _____ Because the allegations in the response are far too conclusory to permit identification of any particular defendants with any certainty, the dismissal was not an abuse of discretion. See id. at 758 (a court is not required to ___ ___ "invent factual scenarios that cannot be reasonably inferred from the pleadings"). See also Macias v. Raul A., 23 F.3d ___ ____ ______ _______ 94, 96-97 (5th Cir. 1994) (where a court would be required to go beyond the allegations in a complaint and speculate that _________ an in forma pauperis plaintiff might be able to make a _____ nonfrivolous claim if he or she were given a second chance to amend, the court may dismiss the complaint as frivolous). -4- The judgment of the district court is affirmed, ________ except to the extent that the judgment shall state that the dismissal is "without prejudice." _______ _________ -5-