Rosaura GONZALEZ–RUCCI, Plaintiff,

v.

**UNITED STATES of America,
et al., Defendants.**

Civil No. 99–2352(JAG).

United States District Court,
D. Puerto Rico.

July 29, 2002.

Nicolas Nogueras–Cartagena, San Juan,
PR, for Plaintiff.

Isabel Munoz–Acosta, United States Attorney's Office, Hato Rey, PR, for Defendants.

## OPINION AND ORDER[1]

GARCIA–GREGORY, District Judge.

Plaintiff Rosaura Gonzalez–Rucci ("Gonzalez") is an immigration attorney who often works with Immigration and Naturalization Services ("INS") officials. Gonzalez claims that, in 1993, INS officials began harassing her. In 1997 they filed criminal charges against her for conspiracy to defraud the United States. The harassment continued until February 6, 1997, when she was acquitted of the charges. On December 13, 1999, Gonzalez sued defendant United States, under the Federal Tort Claims Act ("FTCA"), and INS officials for federal constitutional violations, pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Pending before the Court is the United States's motion to dismiss for lack of jurisdiction under Fed. R.Civ.P. 12(b)(1). The United States avers that Gonzalez's claims are barred by the applicable statute of limitations under the FTCA as well as for the *Bivens* claims. For the reasons stated below, the Court GRANTS the motion.

### FACTUAL BACKGROUND

Gonzalez is an immigration lawyer who works in San Juan, Puerto Rico. (Docket No. 23 at 3.) In 1993, Andrés Nuñez ("Nuñez"), an immigration officer, invited Gonzalez to go out with him. (*Id.*) She declined the invitation. (*Id.*) From that point forward, Nuñez began to treat Gonzalez

---

1. Laura M. Crumley, a third year student at the University of Illinois College of Law, assisted in the research and preparation of this opinion.

differently. (*Id.*) He would purposefully avoid meeting with her and threatened to give priority to other attorneys' cases, so clients would seek their services instead of hers. (*Id.*) In 1995, INS revoked some of Gonzalez's privileges. The agency whimsically rejected Gonzalez's petitions, limited the number of cases she could file, and denied benefits previously conferred to her clients. (*Id.* at 4.)

On September 18, 1996, INS agents seized computers, receipts and four case files from Gonzalez's office, pursuant to a search warrant. (*Id.* at 5.) The agents obtained the search warrant based on false pretenses. (*Id.*) The INS agents also searched Gonzalez's home for documents related to her law practice. (*Id.*) They did not take anything from her home. (*Id.*) The search warrant for Gonzalez's home also issued fraudulently. (*Id.*)

On September 24, 1996, INS officers arrested Gonzalez, her fiancé, her secretary, and some clients who were present at her office. (*Id.* at 6.) The information that led to the arrest was false. (*Id.*) Gonzalez was accused of four counts of conspiracy to defraud the United States government. (*Id.*) She was brought before Magistrate Judge Castellanos and released on her own recognizance. (*Id.* at 6–7.)

On September 26, 1996, a Grand Jury indicted Gonzalez. (*Id.* at 7.) As a result, she lost several of her privileges as an immigration attorney and suffered emotional distress. (*Id.*) On February 6, 1997, Gonzalez was acquitted of all charges. (*Id.* at 8.) Despite her acquittal, however, INS officials continued to harass her. (*Id.*) On February 4, 1999, she filed an administrative claim against the INS. (Docket No. 1 at 3.) The INS dismissed her claim on June 11, 1999. (*Id.*) On December 13, 1999, she filed this Complaint.

## DISCUSSION

### I. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. 12(b)(1), a defendant can assert that the Court lacks subject matter jurisdiction to entertain an action. When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted . . . ." See *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996). Additionally, dismissal is proper pursuant to Fed. R.Civ.P. 12(b)(6) on the basis of "failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000) (*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. See *Correa–Martinez,* 903 F.2d at 51. The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. See *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." See *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## II. *Statute of Limitations*

Gonzalez asserted several causes of action in this suit, not all of which were readily cognizable from the Amended Complaint. She accuses the United States and its officials of violating her substantive due process rights, of abusing process, of violating her right to be free from unreasonable searches and seizures under the Fourth Amendment, and of violating her equal protection rights under the Fourteenth Amendment. (Docket No. 23.) Gonzalez also claims that the United States conspired against her and intentionally inflicted emotional distress upon her. (*Id.*)

Gonzalez's causes of action are cognizable either under the FTCA or as *Bivens* claims, which is the vehicle used to sue federal officials that have allegedly violated a person's rights. The United States maintains that Gonzalez failed to file her suit in timely fashion and, as a result, she is barred by the applicable statute of limitations from bringing her claims. (Docket No. 9 at 10.) The Court agrees.

It is well-established that a claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Calero–Colon v. Betancourt–Lebron,* 68 F.3d 1, 3 (1st Cir. 1995) (*quoting Street v. Vose,* 936 F.2d 38, 40 (1st Cir.1991)); 284 F.3d 930, 934 (8th Cir.2002). In this case, Gonzalez's claims accrued, at the very latest, on February 6, 1997, the date she was acquitted. *See Calero–Colon,* 68 F.3d at 4. This is the latest date when Gonzalez should have known that her rights were being violated.

Gonzalez filed her administrative claim on February 4, 1999, two days prior to the expiration of the two-year limitations period prescribed in the FTCA. *See Roman v. Townsend,* 224 F.3d 24, 27 (1st Cir.2000). The FTCA dictates that a plaintiff must bring suit within six months of the denial of her administrative claim. Here, Gonza-lez's claim was denied on June 11, 1999. *See* Docket No. 1 at 3. She filed this suit on December 13, 1999. *See id.* Hence, this suit is time barred, for it was filed two days after the statutory six month period expired.

In addition, Gonzalez's *Bivens* claims against the government officials are also time barred, for she did not file them within one year of their accrual. *See id.* at 29. Gonzalez should have filed her *Bivens* claims against the individual INS officials on or before February 6, 1998, one year after her acquittal. Filing the administrative claim with the INS did not toll the statute of limitations for *Bivens* purposes, as she filed her administrative claim in February of 1999, almost two years after her acquittal. The Court holds that Gonzalez's actions under the FTCA as well as under *Bivens* are time barred. They, therefore, must be dismissed.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the United States's motion to dismiss. Judgment will enter accordingly.

IT IS SO ORDERED.